[L. A. No. 27485. In Bank. Nov. 12, 1963.]

DEBRA ANN TEALL, a Minor, etc., Plaintiff and Appellant, v. THE CITY OF CUDAHY, Defendant and Respondent.

Abraham Marcus and Stanley O. Epstein for Plaintiff and Appellant.

Betts & Loomis, Albert H. Ebright and Bernard A. Leckie for Defendant and Respondent.

TRAYNOR, J.—Plaintiff appeals from a judgment of dismissal entered after the sustaining of defendant's general demurrer to her second amended complaint, which alleged that defendant was liable for personal injuries under section 53051 of the Government Code.[1]

Section 53051 was repealed effective September 20, 1963 (Stats. 1963, ch. 1681, § 18). At the same time extensive new legislation became effective governing claims and actions against public entities and public employees. (Gov. Code, 810-895.8; Stats. 1963, ch. 1681, § 1.) This legislation provides that it "applies retroactively to the full extent that it constitutionally can be so applied." (Stats. 1963, ch. 1681, § 45, subd. (a).) Examination of the statutory changes, however does not disclose any material changes in the law applicable to the facts alleged.[2]

---

[1] "A local agency is liable for injuries to persons and property resulting from the dangerous or defective condition of public property if the legislative body, board, or person authorized to remedy the condition:

"(a) Had knowledge or notice of the defective or dangerous condition.

"(b) For a reasonable time after acquiring knowledge or receiving notice, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition."

[2] Government Code, section 835 provides: "Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:

"(a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or

"(b) The public entity had actual or constructive notice of the dangerous condition under section 835.2 a sufficient time prior to the

The amended complaint alleges that plaintiff, a 7-year-old child, was severely injured while crossing a street in the City of Cudahy. We have drawn a diagram an as aid to an understanding of the facts alleged. Traffic lights controlled the movement of pedestrians and vehicles at the intersection. The light at C was designed to guide pedestrians crossing in the crosswalk from A to B. Pedestrians standing at A, however, could not see this light, but could see a light located on the east side of the street designed to control vehicular traffic from the north. The exact location of this signal is not alleged. It appears, however, from a map attached to plaintiff's brief, the accuracy of which is not challenged, that the signal was located at D. Because the distance between the north and south entrances of Cecilia Street was approximately one hundred yards, all signals were red during each cycle to permit vehicles that had entered the intersection on a green light to clear it before pedestrians began to cross.

Immediately before the accident, the signal at D was red to the north. Unable to see any other signal, plaintiff assumed that the light at C was green and proceeded from A into the street, where she was struck by a truck coming from the south that had not cleared the intersection.

The only issue before us is whether the court erred in ruling as a matter of law that the alleged arrangement of the lights at the intersection did not constitute a dangerous or defective condition of public property. The other elements of liability under section 53051 were properly alleged.

Public property is in a dangerous or defective condition when it "involves an unreasonable risk of injury to the

___

injury to have taken measures to protect against the dangerous condition.''

Government Code, section 830, subdivision (a), provides: '' 'Dangerous condition' means a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used.''

public." (*Hawk* v. *City of Newport Beach,* 46 Cal.2d 213, 217 [293 P.2d 48].) ▮▮▮ Pedestrians have a right to rely on traffic signals. The only signal visible to plaintiff indicated to her that north and south vehicular traffic would yield the right of way. Such a condition involves an unreasonable risk of injury to the public. It is not materially different from one in which, because of a mechanical defect, all lights at an intersection are green simultaneously. (See *Bady* v. *Detwiler,* 127 Cal.App.2d 321, 338-339 [273 P.2d 941].) The allegations of the complaint are therefore sufficient to state a cause of action.

Defendant contends that only an additional signal would have remedied the condition complained of and that under *Perry* v. *City of Santa Monica,* 130 Cal.App.2d 370, 372-375 [270 P.2d 92], it had no duty to install one. (See also Gov. Code, §§ 830.4, 830.8.) ▮▮▮ In the present case, however, defendant undertook to control traffic at the intersection and invited reliance on the signals. It may be held liable if it created a dangerous or defective condition in doing so. (*Dudum* v. *City of San Mateo,* 167 Cal.App.2d 593, 596-597 [334 P.2d 968]; *Irvin* v. *Padelford,* 127 Cal.App.2d 135, 142-143 [273 P.2d 539]; see 3 Davis, Administrative Law Treatise (1958) § 25.14, p. 494.)

▮▮▮ Invoking *Mercado* v. *City of Pasadena,* 176 Cal.App. 2d 28, 32-33 [1 Cal.Rptr. 134], defendant contends that liability under section 53051 cannot be predicated on the location of traffic signals because their location involves the exercise of legislative discretion. Section 53051, however, did not except dangerous or defective conditions resulting from the exercise of governmental discretion, and to the extent that it indicates otherwise, the *Mercado* case is disapproved. Thus, in *George* v. *City of Los Angeles,* 11 Cal.2d 303 [79 P.2d 723], it was contended that if the city were liable for "the result of a plan of construction" the jury would have "the right to pass upon the discretion of the municipal authorities to adopt a system or general plan of improvement of its streets." We pointed out that under section 53051 "the municipality is liable for injuries resulting from the dangerous or defective condition of its public street, whether such condition arises from the construction of said street in the first instance, or is due to a defect created therein after its construction." (11 Cal.2d at pp. 307, 308-309.)

It is true that the rule of the *George* case has been modified

by section 830.6 of the Government Code,[3] which provides new standards and procedures for determining whether a properly approved plan or design has resulted in a dangerous condition. It does not appear from the facts alleged in the complaint, however, whether or not the new defense provided by section 830.6 is available to defendant. Until defendant raises that defense by appropriate pleadings, it would be premature to consider whether it may constitutionally apply to a cause of action that accrued before section 830.6 was enacted. (*Palermo* v. *Stockton Theatres, Inc.*, 32 Cal.2d 53, 65 [195 P.2d 1]; *Estate of Johnson*, 139 Cal. 532, 534 [73 P. 424, 96 Am.St.Rep. 161]; *MacLeod* v. *City of Los Altos*, 182 Cal.App.2d 364, 366 [6 Cal.Rptr. 326].)

The judgment is reversed.

Gibson, C. J., Schauer, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.

Respondent's petition for a rehearing was denied December 11, 1963.

---

[3] "Neither a public entity nor a public employee is liable under this chapter for an injury caused by the plan or design of a construction of, or an improvement to, public property where such plan or design has been approved in advance of the construction or improvement by the legislative body of the public entity or by some other body or employee exercising discretionary authority to give such approval or where such plan or design is prepared in conformity with standards previously so approved, if the trial or appellate court determines that there is any substantial evidence upon the basis of which (a) a reasonable public employee could have adopted the plan or design or the standards therefor or (b) a reasonable legislative body or other body or employee could have approved the plan or design or the standards therefor."