[Civ. No. 32290.   Second Dist., Div. Two.   Dec. 4, 1968.]

LUCILE RUTH BROWN, Plaintiff and Appellant, v. CITY OF LOS ANGELES, Defendant and Respondent.

Freda B. Walbrecht for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, Jack L. Wells and John B. Rice, Deputy City Attorneys, for Defendant and Respondent.

FLEMING, J.—The question: Does appellant's second amended complaint state a cause of action against the City of Los Angeles?

According to her pleading appellant operated a therapeutic massage parlor and income tax service on leased premises in the City of Los Angeles. On 13 February 1963 she was noti-

fied by the City, acting through its Department of Building and Safety, that the operation of a massage parlor and income tax service in a residential zone violated the Los Angeles Municipal Code and should be discontinued immediately. On receiving this notice appellant went to the zoning office of the Department of Building and Safety and was shown a map which indicated the zoning of the property as R-4, residential use only. When she requested to see records which might show a change in the zoning, she was told that she could not see the records herself since she was not the owner of the property, and, in any event, that there were no records changing the zoning. On several other trips to the office of the Department of Building and Safety appellant sought without success to inspect the records. Ultimately she was informed that if she did not leave the department's office she would be forcibly removed by the police.

Appellant discontinued her massage parlor and income tax service and brought an action against her lessor. In the course of that lawsuit she subpoenaed the records of the Department of Building and Safety which related to the zoning of the property and discovered that a zoning variance for the operation of a massage parlor on the property had theretofore been granted.

Appellant then filed her present action for damages against the City of Los Angeles, claiming that the notice to cease operations had been ''willfully, wrongfully and negligently'' given to her. The trial court sustained respondent's demurrer that the complaint failed to state a cause of action because (1) the City was exempted from such liability by statute; (2) appellant had failed to exhaust her administrative remedies; (3) appellant's action was barred by the statute of limitations.

We concur in the trial court's conclusion that the City has been exempted by statute from liability for such acts. Section 818.8 of the Government Code provides: ''A public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional.'' Appellant claims section 818.8 does not apply since her cause of action was not founded upon a misrepresentation, but upon the wrongful act which ordered her to discontinue her business operations. However, we think an erroneous notification that a person's activities violate a zoning ordinance accompanied by

a demand that they be discontinued amounts to a misrepresentation within the meaning of section 818.8.

A reading of division 3.6 of the Government Code convinces us that the Legislature provided public entities with complete immunity from liability for such acts. Whether the act in question be deemed a "misrepresentation" (§ 818.8), the "issuance . . . of an order" (§§ 818.4, 821.2), the "revocation of . . . authorization (§§ 818.4, 821.2), an act "under the apparent authority of an enactment that is . . . inapplicable" (§ 820.6), or the institution of a "judicial or administrative proceeding" (§ 821.6), it is apparent that the Legislature intended it to remain exempt from liability. The fact that the act of which appellant complains can be classified under several headings, each of which provides immunity, persuades us that the Legislature intended to ensure that such acts would never become the basis for public liability.

Appellant argues that division 3.6 is inapplicable because enacted after her cause of action arose. Her argument overlooks the provision of the statute which directs that the division be applied retroactively (Stats. 1963, ch. 1681, § 45, subd. (a), p. 3288), and the rulings of the Supreme Court which declare that such retroactivity is constitutional. (*County of Los Angeles* v. *Superior Court,* 62 Cal.2d 839, 844-846 [44 Cal.Rptr. 796, 402 P.2d 868]; *Heieck & Moran* v. *City of Modesto,* 64 Cal.2d 229, 231-232 [49 Cal.Rptr. 377, 411 P.2d 105].)

Since respondent is immune from liability for the acts involved, the judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.