[Civ. No. 43225. Second Dist., Div. One. Oct. 1, 1974.]

JOEL HIRSCH, Plaintiff and Appellant, v.
**DEPARTMENT OF MOTOR VEHICLES,**
Defendant and Respondent.

## COUNSEL

Hirson & Horn and Alan M. Salkow for Plaintiff and Appellant.

Dudley Gray and Gerald F. Moriarty as Amici Curiae on behalf of Plaintiff and Appellant.

Evelle J. Younger, Attorney General, James R. Schwartz, Joseph M. O'Heron and Michael J. Strumwasser, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**LILLIE, J.**—Plaintiff appeals from order of dismissal following sustaining of a demurrer without leave to amend.

The complaint, the allegations of which we accept as true for the purpose of this review (*O'Keefe* v. *Atascadero County Sanitation Dist.*, 21 Cal.App.3d 719, 730 [98 Cal.Rptr. 878]; *Kleiner* v. *Garrison*, 82 Cal. App.2d 442, 447 [187 P.2d 57]; *Mackay* v. *Clark Rig Bldg. Co.*, 5 Cal. App.2d 44, 55 [42 P.2d 341]), contains the following. On or about March 2, 1972, Stephen Sorenz presented to the Department of Motor Vehicles (Department) certain documents written entirely in German allegedly evidencing Sorenz' ownership of and legal title to a 1971 Mercedes Benz automobile; the documents were insufficient to show that the auto was legally·owned by Sorenz and "did not reasonably evidence legal title" in him, and were such as to reasonably put the Department on notice that his title was in doubt, but the Department issued to Sorenz a certificate of ownership showing him to be legal and registered owner of the vehicle and in so doing the Department was negligent and careless, and negligently and carelessly failed to comply with section 4307, Vehicle Code,[1] and negligently and carelessly failed to require

---

[1]Section 4307, Vehicle Code provides: "In the event application is made in this State for registration of a vehicle and the department is not satisfied as to the own-

Sorenz to file an undertaking or bond pursuant to Vehicle Code section 4157.[2] Subsequently Sorenz "presented" the certificate of ownership to plaintiff who, based upon the presumption that the Department "acted with due care in determining and certifying title to said motor vehicle," purchased the car from Sorenz. About one month later the auto was seized by Highway Patrol officers who established that it had been stolen by Sorenz. As a proximate cause of the negligence of the Department plaintiff suffered damages in the sum of $7,055.06 ($6,812.50 paid to Sorenz and $362.50 expended by plaintiff for "sales tax, use tax, transfer fees and smog control certificates.)" Plaintiff timely filed a claim for the sum of $7,055.06 with defendant through the State Board of Control, which was thereafter rejected.

Defendant demurred on the ground that the complaint fails to state facts sufficient to constitute a cause of action relying on the governmental immunity accorded pursuant to sections 815.2, subdivision (b),[3] and 821.2,[4] Government Code. The trial court sustained the demurrer. The minute order reads in part, "Demurrer sustained without leave to amend (Government Code, Sections 821.2, 815.2) . . . Plaintiff does not desire to amend." We too construe these two statutes as immunizing defendant

---

ership of the vehicle or the existence of foreign liens thereon, then the department may register the vehicle and issue a registration card of a distinctive color and license plates but shall withhold issuance of a California certificate of ownership unless the applicant shall present documents as to reasonably satisfy the department of the applicant's ownership of the vehicle and as to any liens thereon or post a bond pursuant to Section 4157."

[2]Section 4157, Vehicle Code provides: "In the absence of the regularly required supporting evidence of ownership upon application for registration or transfer of a vehicle, the department may accept an undertaking or bond which shall be conditioned to protect the department and all officers and employees thereof and any subsequent purchaser of the vehicle, and any person acquiring a lien or security interest thereon, or the successor in interest of such purchaser or person against any loss or damage on account of any defect in or undisclosed claim upon the right, title, and interest of the applicant or other person in and to the vehicle."

[3]Section 815.2, subdivision (b), Government Code: "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

[4]Section 821.2, Government Code: "A public employee is not liable for an injury caused by his issuance, denial, suspension or revocation of, or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked."

from liability for the alleged negligent acts here pleaded. We are further persuaded in this respect by the language of sections 818.4[5] and 818.8.[6]

Although the parties have not cited, nor have we found, a case factually in point, there is analogous authority in two cases cited by appellant. In *Burns* v. *City Council,* 31 Cal.App.3d 999 [107 Cal.Rptr. 787], a judgment of dismissal following an order sustaining a demurrer without leave to amend was affirmed. The complaint alleged that defendant and its building inspector had negligently or intentionally denied a building permit for which plaintiff had applied. The court said at page 1004, "[T]his court, applying the factors quoted to the facts pleaded and those judicially noticed, has concluded that immunity exists in the case at bench under sections 818.4 and 821.2." In *Brown* v. *City of Los Angeles,* 267 Cal. App.2d 849 [73 Cal.Rptr. 364], plaintiff alleged the city, acting through its department of building and safety, negligently and incorrectly informed her that she must immediately discontinue operation of a massage parlor and income tax service because they were located in a residential zone, and after she had done so she learned that the department had previously granted a zoning variance for the operation of a massage parlor on the property. Relying on section 818.8, the trial court sustained a demurrer without leave to amend. "We concur in the trial court's conclusion that the City has been exempted by statute from liability for such acts. . . . Appellant claims section 818.8 does not apply since her cause of action was not founded upon a misrepresentation, but upon the wrongful act which ordered her to discontinue her business operations. However, we think an erroneous notification that a person's activities violate a zoning ordinance accompanied by a demand that they be discontinued amounts to a misrepresentation within the meaning of section 818.8." (Pp. 850-851.)

Appellant calls our attention to a comment of the California Law Revision Commission (Vol. 4, p. 817 [1963]) wherein it is advocated that governmental acts, which include "negligent or wrongful issuance or revocation of licenses and permits," should be shielded by the immunity statutes. However, while considering such acts, the commission in a part of its comment relates them to activities pertaining to "public health and

---

[5]Section 818.4, Government Code: "A public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked."

[6]Section 818.8, Government Code: "A public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional."

safety." On the basis of this and *Burns* and *Brown* appellant would have us hold that sections 818.4 and 821.2, which relate to nonliability for injury caused by issuance of "any permit, license, certificate," reflect a legislative intent to immunize only those issuances which relate to matters of public health and safety, and that accordingly they are not effective to here grant defendant immunity in the issuance of a certificate of ownership of a vehicle which, while "serving a very important function does not concern itself with a health and safety purpose." In the broad sense of the term "public safety," without the integrity of a certificate of ownership issued by the Department of Motor Vehicles in many instances the purchase of a vehicle would be a perilous transaction, fixing liability in case of accident would be difficult, an effective investigatory tool for law enforcement would be eliminated, etc. But appellant's reference to that certain portion of the comment of the Law Revision Commission is taken out of context and his reliance thereon is misplaced. In the paragraph preceding the portion cited, which paragraph can be construed to be introductory thereto, the commission states: "The remedy for officials . . . who do not adequately enforce existing law, or who do not provide the people with services they desire, is to replace them with other officials. But their discretionary decisions in these areas cannot be subject to review in tort suits for damages if government is to govern effectively." (P. 817.) (Implicit in the foregoing, *Brown* and *Burns* and the other cases in which the question of immunity arose [*Selby Realty Co.* v. *City of Buenaventura,* 10 Cal.3d 110, 127 (109 Cal. Rptr. 799, 514 P.2d 111) (denial of building permit by city); *Downer* v. *Lent,* 6 Cal. 94, 95 (malicious revocation of harbor pilot's license)], is the statutory imposition of immunity against tort liability for denial, issuance or revocation of permits, licenses, certificates or other authorizations pursuant to the state police power.)

In light of the statutory authorization of the Department of Motor Vehicles to issue documents evidencing title to automobiles, under the Vehicle Code designated by section 4450 as "certificate[s] of ownership," and the clear language of sections 818.4 and 821.2 allowing no room for interpretation (*Estate of Sharp,* 257 Cal.App.2d 851, 855 [65 Cal.Rptr. 438]), we find nothing in the plain meaning of these statutes that would justify the conclusion that in enacting sections 818.4 and 821.2, the Legislature intended, in immunizing governmental acts pertaining to the issuance of "*any* . . . certificate," (italics added) to exclude the issuance of a certificate of ownership of a motor vehicle. Nor can we construe *Burns* and *Brown,* although coincidentally involving issuance or nonissuance of permits arising out of public health and safety legislation, to support appellant's contention that sections 818.4 and 821.2 are limited to, and designed

to shield only those acts which are unequivocally and strictly found to relate to public health and safety matters. Further, quite aside from sections 818.4 and 821.2, the certificate of ownership here issued can clearly be construed as a "misrepresentation" by the Department of Motor Vehicles of the true ownership of the vehicle, falling within the purview of section 818.8; thus defendant would be entitled to immunity under that section alone. In *Brown* which involved a zoning matter, a subject which appellant urges is related to "public health and safety," the court made its ruling relying primarily on section 818.8, although it cited section 821.2 as well.

 The complaint alleged that the Department was negligent in failing to comply with either section 4157 or 4307, Vehicle Code. Appellant contends that the immunity statutes and section 4157 are inconsistent thus section 4157 must prevail. He argues that if the Department is clothed with immunity from liability under the immunity statutes there would be no reason to permit the Department under section 4157 to accept an undertaking or bond for its own protection. We reject the concept of any relevant inconsistency in the statutes, because section 4157 gives the Department discretion to accept a bond to protect not only the Department and its employees but "any subsequent purchaser of the vehicle, [and] any person acquiring a lien or security interest thereon, . . ." Moreover nothing in section 4157 requires the Department to accept an undertaking or bond, the determination to do so being entirely discretionary. Finally, the Legislature undoubtedly intended the immunity statutes to apply to immunize the Department for its "negligent" failure to accept such a bond for the protection of a subsequent purchaser of a vehicle (§ 4157)—one of the precise issues plaintiff herein attempted to raise by the averments of the complaint. Nor has plaintiff pleaded facts sufficient to place himself within the purview of section 4157. There is no averment that the documents furnished the Department by Sorenz did not constitute "the regularly required supporting evidence of ownership" (§ 4157), that is, that they were in any way physically different from German documents ordinarily required by the Department; he alleged only the conclusion that in their overall effect they "were insufficient to show that the aforementioned vehicle was legally owned" by Sorenz and "did not reasonably evidence legal title of said vehicle in said Sorenz."

The contention that if sections 4157 and 4307 are deemed to be subject to the immunity statutes of the Government Code, they will be "rendered meaningless," disregards the language of section 4157 and 4307 which on their face vest discretion in the Department. The trial court concluded in the minute order sustaining the demurrer "(If failure to require a bond is basis of action, under Section 4157 Vehicle Code, the action is barred by

Government Code Section 820.2)."[7] This conclusion appears to be correct. Section 820.2 immunizes discretionary acts; and section 4157 provides that the Department "*may* accept an undertaking or bond." (Italics added.) Section 15, Vehicle Code, expressly provides that: " '[M]ay' is permissive." Although the trial court indicated no similar conclusion respecting section 4307, it is obvious from the language of that statute making the Department's satisfaction the criterion of whether it shall follow any procedure therein described, that this statute too vests discretion in the Department.

The order of dismissal is affirmed.

Wood, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 27, 1974.

---

[7]Section 820.2, Government Code: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."