[Civ. No. 54033. Second Dist., Div. Five. Apr. 2, 1979.]

SALLY B. HILL, Plaintiff and Appellant, v.
THE PEOPLE EX REL. DEPARTMENT OF TRANSPORTATION,
Defendant and Respondent.

**COUNSEL**

Moriarity & Tepper, Paul L. Tepper and Robert J. Jagiello for Plaintiff and Appellant.

Harry S. Fenton, Richard G. Rypinski, Joseph A. Montoya, Robert L. Meyer, Hugh R. Williams, Richard J. Lopez, and David R. Simmes for Defendant and Respondent.

## OPINION

**ASHBY, J.**—Plaintiff and appellant Sally Hill appeals from an order dismissing her complaint for personal injuries as to defendant and respondent State of California following the sustaining of respondent's demurrer to the third amended complaint without leave to amend.

The facts as alleged in appellant's third amended complaint are that in June 1975 codefendants Lilly and Mobile Aircraft Hangar Company desired to transport a hangar by tractor trailer from Paso Robles to Long Beach. The height of this load was 15 feet 7 inches, which is greater than the height normally permitted by the Vehicle Code.[1] Codefendants applied for and received from the California Department of Transportation (Caltrans) a permit to transport the oversized load.[2] Caltrans attached to the permit the route which codefendants were to use, including U.S. 101 between state Route 23 and Interstate 405. This route included the Kanan Road overpass, which had a height of only 15 feet 3 inches. When the tractor trailer driven by codefendant Sampson came to the Kanan Road overpass, the load struck the overpass, fell to the highway and struck appellant's vehicle, causing personal injuries and property damage.

Appellant alleged: that U.S. 101 was under the control and management of respondent for the movement of oversized vehicles; that respondent negligently measured the height of the overpass, negligently inspected the overpass, negligently recorded the height of the overpass, negligently passed on to codefendants incorrect information as to the height of the overpass, which was relied upon by codefendants, or negligently failed to check the height of the overpass before issuing instructions to codefendants as to the route to follow. Respondent and its agents knew or should have known that such conduct would represent a risk and hazard to appellant, and so knowing failed to warn of said hazardous condition or to correct it. As a direct and proximate result appellant was injured. Respondent allowed and permitted a dangerous condition to exist on public property in that the design, construction, and maintenance of the Kanan Road overpass was too low and posed a hazard to trucks and motor vehicles which would use the highway daily. Respondent knew that trucks would use said overpass to transport materials in the normal course of business and failed to maintain a safe clearance for such vehicles. Respondent further failed to supply an

---

[1] See Vehicle Code sections 35250, 35251.

[2] See Vehicle Code sections 35780, 35781, 35782.

adequate warning of the height of the overpass at a distance sufficient for an oversized vehicle to stop or detour around it.

Respondent's demurrer was sustained on the theory that respondent is immune from liability for negligent issuance of a permit (Gov. Code, § 818.4) and that appellant had not adequately stated a cause of action for governmental liability for a dangerous condition of public property (Gov. Code, § 835). We hold the trial court erred. ■ Appellant adequately pleaded a dangerous condition of public property and in such circumstances the immunity of Government Code section 818.4 does not apply.

■ In passing upon the sufficiency of the pleading, we must construe the allegations liberally with a view to substantial justice between the parties. Pleadings must be reasonably interpreted; they must be read as a whole and each part must be given the meaning that it derives from the context in which it appears. If on consideration of all the facts stated it appears that the plaintiff is entitled to any relief, the order of dismissal upon the sustaining of a demurrer should be reversed. (*Gressley* v. *Williams*, 193 Cal.App.2d 636, 638-639 [14 Cal.Rptr. 496].)

■ Government Code section 835[3] provides: "Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:

"(a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or

"(b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition."

Respondent maintains that since the 15-foot 3-inch overpass is not dangerous for normal sized vehicles there was no dangerous condition

[3]Unless otherwise indicated, all section references hereafter are to the Government Code.

under section 835. This argument lacks merit. A dangerous condition "means a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used." (§ 830, subd. (a).) Since Caltrans has authority under Vehicle Code sections 35780 to 35782 to issue special permits for the operation of oversized vehicles, it is reasonably foreseeable that the highway and overpass would be used by vehicles and loads exceeding the normal height. Respondent's own brief states that Caltrans issues tens of thousands of such permits each year. Certainly it was reasonably foreseeable in this case that codefendants' vehicle would use the highway. The issuance of the permit in the circumstances of this case created a dangerous condition of the highway.

In *Quelvog v. City of Long Beach*, 6 Cal.App.3d 584 [86 Cal.Rptr. 127], the city permitted and encouraged small motorized vehicles called "autoettes" to use the sidewalks. A complaint alleging that the city had created and maintained a dangerous condition was upheld against the city's argument that the complaint did not allege the sidewalk itself was defective. The court said, "It is not only structural defects that can create a dangerous condition; it may consist of a condition of property, the use of which in a manner reasonably foreseeable creates a danger of injury. . . . [¶] We hold that the allegations of the actions of the City in creating and maintaining easy means of access to the sidewalks by autoettes without warning the operators to keep them off the sidewalks and the alleged encouragement of the operators to use them are sufficient to state a cause of action against the City for creating and maintaining a dangerous condition." (6 Cal.App.3d at pp. 590, 591-592.) Similarly in this case although the overpass may not have been dangerous for use by normal vehicles, respondent's conduct in permitting its use by a vehicle which was too high created a dangerous condition of the highway.[4]

---

[4]Respondent also raises two arguments as to alleged technical defects in the pleading of a dangerous condition. Respondent contends appellant failed to plead proximate cause. On the contrary, appellant twice pleaded proximate cause in paragraphs V and XI of the second cause of action, and incorporated those allegations in her third cause of action. Respondent also contends appellant failed to plead that "[t]he public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition" under subdivision (b) of section 835. However, liability may also be pleaded under subdivision (a) of section 835 if "[a] negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition." The pleading adequately states this element. It avers that unknown Doe defendants were agents or employees of the named defendants acting within their scope of employment. It alleges that such person or persons negligently measured or recorded the height of the overpass, negligently passed incorrect information to codefendants or negligently issued

This matter also bears a strong analogy to cases arising under section 830.8, which imposes liability for failure to provide a traffic signal, sign, marking or device if such warning "was necessary to warn of a dangerous condition which endangered the safe movement of traffic and which would not be reasonably apparent to, and would not have been anticipated by, a person exercising due care." This section is designed to prevent "a trap to a person using the street or highway with due care." (Law Revision Com. comment to § 830.8; see *Callahan* v. *City and County of San Francisco*, 249 Cal.App.2d 696, 698, 704 [57 Cal.Rptr. 639] (abrupt end to highway); *Levine* v. *City of Los Angeles*, 68 Cal.App.3d 481, 489 [137 Cal.Rptr. 512] (abrupt end of lane); *Anderson* v. *City of Thousand Oaks*, 65 Cal.App.3d 82, 93 [135 Cal.Rptr. 127] (dangerous curve); *Teall* v. *City of Cudahy*, 60 Cal.2d 431, 434 [34 Cal.Rptr. 869, 386 P.2d 493] (misleading traffic signal).) Here respondent issued a permit to codefendants to use a certain route for codefendants' high load, which would reasonably imply to codefendants that all overpasses along such route were high enough for safe passage. Codefendants relied upon that information and it may reasonably be inferred that under such conditions the low overpass was a trap of which codefendants were not likely to be aware even though exercising due care.

Central to respondent's defense in this case is respondent's next argument that if the issuance of the permit created the dangerous condition, then respondent is immune under section 818.4 which provides: "A public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked."

This argument is unpersuasive. None of the cases relied upon by respondent is controlling, since none involved a situation where the government's issuance of a permit created a dangerous condition of the government's own property as defined in section 830, subdivision (c).[5] In the unusual circumstances of this case, the Legislature could not have intended that the permit immunity of section 818.4 should defeat the

the permit. The dangerous condition was thus created by the negligent act·or omission of a Caltrans employee.

[5]*Papelian* v. *State of California*, 65 Cal.App.3d 958 [135 Cal.Rptr. 665]; *Hirsch* v. *Department of Motor Vehicles*, 42 Cal.App.3d 252 [115 Cal.Rptr. 452]; *Brown* v. *City of Los Angeles*, 267 Cal.App.2d 849 [73 Cal.Rptr. 364].

governmental liability under section 835. Section 818.4 was intended to protect the policy-making discretion of public employees to determine whether or not a permit should issue. (*Morris* v. *County of Marin,* 18 Cal.3d 901, 911-918 [136 Cal.Rptr. 251, 559 P.2d 606]; *Elson* v. *Public Utilities Commission,* 51 Cal.App.3d 577, 587-589 [124 Cal.Rptr. 305].) Section 818.4 is no defense when the public entity has no discretion. (*Id.*) Except as provided in chapter 2 of division 3.6 of the Government Code, a public entity has no discretion to create a dangerous condition of its property. The Legislative Committee comment to section 835 states in part: "The section is not subject to the discretionary immunity that public entities derive from Section 815.2, for this chapter itself declares the limits of a public entity's discretion in dealing with dangerous conditions of its property." (See Van Alstyne, Cal. Governmental Tort Liability (Cont.Ed.Bar 1964) at p. 577.)[6] There is no theory which could justify an exercise of discretion to send a 15-foot 7-inch trailer along a route with a 15-foot 3-inch overpass.

The third amended complaint adequately states a theory of liability for a dangerous condition of public property to which section 818.4 is no defense.

The order of dismissal is reversed.

Kaus, P. J., and Hastings, J., concurred.

---

[6]Chapter 2 of division 3.6 (§§ 830-840.6) establishes limitations on liability for dangerous conditions of public property. such as design immunity (§ 830.6) or the defense that the cost of correcting the condition is prohibitive (§ 835.4). None of these defenses is applicable here.