[Civ. No. 52172. Second Dist., Div. Four. Mar. 27, 1980.]

BERNARD B. GRENELL et al.,
Cross-complainants and Appellants, v.
CITY OF HERMOSA BEACH et al.,
Cross-defendants and Respondents.

COUNSEL

Frank Alef for Cross-complainants and Appellants.

Harold Q. Longenecker and Joel Dwork for Cross-defendants and Respondents.

OPINION

**FILES, P. J.**—This appeal arises out of an action to recover damages from the City of Hermosa Beach for the negligence of its employees in issuing a "Report of Residential Building Records" which misstated the city records governing the use of certain property. The facts as set forth in the pleadings will be summarized first.

The complaint alleges that, on March 1, 1975, plaintiffs, Mr. and Mrs. Altamura, entered into an agreement to purchase from Mr. and Mrs. Grenell a parcel of real property in Hermosa Beach; and that the Grenells, the City of Hermosa Beach and others represented that the property included two dwelling units which were legally authorized under the city zoning law. The complaint further alleges that this representation was false in that two dwelling units were not authorized under the city zoning regulations, and that the second unit on the prop-

erty could not lawfully be rented. The complaint prays damages from the Grenells, the city and others.

The Grenells cross-complained against the city, its employee Pat F. Brown and others, alleging in substance the following:

On August 9, 1974, the Grenells purchased the subject real property from Mr. and Mrs. Sheldon. In connection with that transaction the City of Hermosa Beach prepared and forwarded to the Grenells on July 30, 1974, a "Report of Residential Building Records" which contained the following information: "'Dwelling Units Constructed by Permit: Two'. 'Dwelling Units Authorized (if all applicable ordinances complied with): Two'...'No apparent Building or Zoning Code Violation.'"

This report was issued by the city and its employee, Pat F. Brown, pursuant to ordinances numbered N.S. 376 and N.S. 460 which required each seller of residential property to obtain such a report from the city and deliver it to the buyer prior to completion of the sale.

On March 17, 1975, the Grenells sold this property to the plaintiffs, the Altamuras. In connection with that sale the Grenells received a report from the city, dated February 11, 1975, indicating that only one of the two dwelling units had been constructed pursuant to a permit.

The cross-complaint then alleged that a controversy existed between the Grenells on the one hand and the cross-defendants, including the city and Brown, as to whether the Grenells were entitled to be indemnified by the cross-defendants from any liability or loss or expense by reason of any of the misrepresentations alleged in the complaint. The prayer of the cross-complaint was for a declaration of rights and obligations as between cross-complainants and cross-defendants.

The city and Brown demurred to the cross-complaint upon the ground it failed to state a cause of action. The argument in support of the demurrer was based entirely upon the provisions of the Government Code relating to the immunity of public entities and their employees. On September 30, 1976, the trial court sustained the demurrer without leave to amend. An order filed October 12, 1976, stated "that the cross complaint be dismissed with prejudice."

On January 6, 1977, the Grenells filed a "motion to vacate" the dismissal, which the court denied by a minute order on January 27, 1977. The notice of appeal filed February 22, 1977, states that the Grenells appeal from the dismissal and the postdismissal order.

I

Before discussing the merits, we dispose of some procedural matters.

■ 1. Contrary to the city's contention, the appeal from the dismissal was not untimely. No notice of the filing of the October 12 order was given, despite the requirement of Code of Civil Procedure section 664.5. In the absence of a notice, the Grenells had 180 days within which to appeal. Thus, the notice of appeal filed February 22, 1977, was timely. (Rule 2(a), Cal. Rules of Court.)

2. The order of dismissal, which was signed by a judge other than the one who sustained the demurrer, should have been limited to the demurring defendants only.

■ 3. Contrary to the contention of the Grenells, we construe the demurrer to the cross-complaint to have been made on behalf of Pat F. Brown as well as on behalf of the city. The record shows that the city and Brown, represented by the same attorney, jointly demurred to the complaint. The demurrer to the cross-complaint, by the same attorney, referred only to the city in its introductory language. However, the points and authorities included code sections which are applicable only to the immunity of an employee, and the written argument concluded with the statement that the complaint failed to state a cause of action against Brown and the city. The intent seems clear, and the omission of Brown's name elsewhere in the demurrer is harmless. The cross-action was dismissed as to him, and he is properly a respondent in this appeal.

4. The postdismissal motion, though citing Code of Civil Procedure section 473, was in substance nothing more than a request that the court reconsider its ruling on the demurrer. ■ An order denying such a motion is not appealable. (See *Litvinuk* v. *Litvinuk* (1945) 27 Cal.2d 38, 44 [162 P.2d 8]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 91, p. 4098.)

## II

We have taken judicial notice of the Hermosa Beach ordinances which brought about the issuance of the report which was allegedly false.[1]

The portions of the Government Code which require consideration are section 815.6, imposing a liability upon a public entity for negligent failure to discharge a mandatory duty, and sections 818.8 and 822.2,

[1]Pertinent portions of Ordinances N.S. 376 and N.S. 460 are as follows: Municipal Code, chapter 7, article VI—Report of Residential Building Records.

"Section 7-25. *Intent.*

"Pursuant.to Article 6.5 (commencing with Section 38780), Chapter 10, Part 2, Division 3, Title 4, of the Government Code of the State of California, it is the intent of the City Council to assure that the grantee of a residential building within the City is furnished a report of matters of City record pertaining to the authorized use, occupancy and zoning classification of real property prior to sale or exchange.

"Section 7-27. *Report Required.*

"At the time of entering into an 'agreement of sale' or exchange of any residential building, the owner or his authorized representative shall obtain from the City a report of the residential building record showing the regularly authorized use, occupancy, and zoning classification of such property. Said report shall be valid for a period not to exceed six (6) months from date of issue.

"Section 7-28. *Application.*

"Upon application of the owner, or his authorized agent, and the payment to the City of a fee of Five ($5.00) Dollars, the Director of Building and Safety shall review pertinent City records and deliver to the applicant a report of residential building records which shall contain the following information insofar as it is available:

"(a) The street address and legal description of subject property.

"(b) The zone classification and authorized use, as set forth in the Municipal Code of the City of Hermosa Beach.

"(c) The occupancy as indicated and established by permits of record.

"(d) Variances, conditional use permits, and other pertinent legislative acts of record.

"(e) Any special restrictions in use or development which may apply to the subject property.

"(f) Any known nonconformities and/or violations of City Building Code or Zoning regulations.

"Section 7-29. *Delivery of Report.*

"The report of residential building record shall be delivered by the owner, or the authorized designated representative of the owner, to the buyer or transferee of the residential building prior to the consummation of the sale or exchange. The buyer or transferee shall execute a receipt therefor as furnished by the City, and said receipt shall be delivered to the Building Department, as evidence of compliance with the provisions of this ordinance."

Chapter 7, article VIII:

"Section 7-40. *Non-Liability of City.*

"The issuance of the Residential Building Records Report is not a representation by the City of Hermosa Beach that the subject property or its present use is or is not in compliance with the law. Neither the enactment of this ordinance nor the preparation of and delivery of any report required hereunder shall impose a liability upon the City for any errors or omissions contained in said report, nor shall the City bear any liability not otherwise imposed by law."

granting immunity for an injury caused by misrepresentation by an employee of the public entity. These sections read as follows:

Section 815.6: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

Section 818.8: "A public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional."

Section 822.2: "A public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption or actual malice."

It is apparent that the Hermosa Beach ordinances create a duty which readily fits within the classification of section 815.6. The ordinance recites its purpose to assure that the grantee of residential property is furnished a report designed to protect him against the kind of injury which the Grenells claim to have sustained—that is, the purchase of property which could not lawfully be used as the seller had represented it. The requirement that the city furnish a report can only mean that the city shall furnish a truthful report.

At the same time the negligence of the city employee who prepared the report comes literally within the classification of a "misrepresentation" referred to in the immunity sections quoted above. ■ In the law of torts, a statement made for the guidance of others which is not warranted by the information of the person making it is classified as negligent misrepresentation, a form of deceit. (Civ. Code, §§ 1572, subd. 2, 1710, subd. 2; Rest., Torts, § 552; 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 480, p. 2739.)

We must therefore determine whether the immunity section controls in the context of the facts presented here.

The general scheme of the California Tort Claims Act of 1963 (Gov. Code, § 810 et seq.) is that "except as otherwise provided by statute" a

public entity is not liable for tortious injuries, and that the liabilities established by the act are subject to the statutory immunities. Government Code section 815 provides: "Except as otherwise provided by statute:

"(a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.

"(b) The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person."

Notwithstanding the language of subdivision (b), which appears to give the statutory immunities unqualified superiority, judicial interpretation has placed limitations upon the scope of two immunity sections when the performance of a mandatory duty is involved.

In *Morris* v. *County of Marin* (1977) 18 Cal.3d 901 [136 Cal.Rptr. 251, 559 P.2d 606] the Supreme Court held that the immunities provided for in Government Code sections 818.4 and 818.2 applied only to the exercise of discretionary functions of a public entity and were not applicable to the exercise of ministerial acts or mandatory duties. That action was brought to recover damages from the county, which had issued a building permit to a builder who did not carry worker's compensation insurance. The plaintiff was a worker who sustained injury on the job, and was unable to collect compensation from the impecunious and uninsured employer. Labor Code section 3800 requires the county to ensure that the applicant for a permit has adequate compensation coverage. The county asserted immunity under Government Code sections 818.2 and 818.4.[2] The court held that those sections provided no immunity for the county's failure to comply with the mandatory duty imposed by Labor Code section 3800. (See also *Elson* v. *Public Utilities Commission* (1975) 51 Cal.App.3d 577 [124 Cal. Rptr. 305].)

---

[2]Government Code section 818.2: "A public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law."

Government Code section 818.4: "A public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue,

The Grenells suggest that the same reasoning should be applied in interpreting sections 818.8 and 822.2. However, the reasoning of the *Morris* opinion indicates an important distinction. There the court pointed out (18 Cal.3d at p. 912) that "the section's language explicitly limits immunity to instances 'where the public entity or an employee of the public entity is authorized to determine whether or not such [permit] should be issued [or] denied....'" The court concluded that "... the statutory language itself suggests that the section's immunity attaches only to discretionary activities." With respect to Government Code section 818.2 the Supreme Court found support for its interpretation in the Law Revision Commission's comment accompanying the section which the court stated (at p. 916) "leaves no doubt that the section was intended to encompass only discretionary law enforcement activity."

Moreover, the *Morris* court contrasted the provisions of Government Code section 818.6[3] with the provisions of section 818.4 and 818.2 noting (18 Cal.3d at p. 916, fn. 9): "Significantly, unlike section 818.4, section 818.6 contains no language limiting immunity to situations in which an entity has discretion to determine 'whether or not' a safety or health hazard is present. In light of this difference in language and the purpose of the section, the immunity afforded by section 816.6 would attach to both ministerial and discretionary conduct in this area." (See also *Clayton* v. *City of Sunnyvale* (1976) 62 Cal.App.3d 666 [133 Cal. Rptr. 306].)

The language of section 818.8 is as absolute as is the language of 818.6. Significantly, the Senate Committee comment accompanying section 818.8 states: "This section provides public entities with an absolute immunity from liability for negligent or intentional misrepresentation." (West's Ann. Gov. Code, following § 818.8.) Nothing in the language of section 818.8 nor the language of section 822.2 lends itself

---

deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked."

[3]Government Code section 818.6: "A public entity is not liable for injury caused by its failure to make an inspection, or by reason of making an inadequate or negligent inspection, of any property, other than its property (as defined in subdivision (c) of Section 830), for the purpose of determining whether the property complies with or violates any enactment or contains or constitutes a hazard to health or safety."

to an interpretation such as that made in *Morris* and *Elson* and nothing in those cases would justify limiting the application of sections 818.8 and 822.2 to misrepresentations made in the course of a discretionary governmental act.

Also of interest is the Supreme Court's analysis of section 818.8 in *Johnson* v. *State of California* (1968) 69 Cal.2d 782, 800 [73 Cal.Rptr. 240, 447 P.2d 352], where the court concluded that "'misrepresentation' as a tort distinct from the general milieu of negligent and intentional wrongs, applies to interferences with financial or commercial interest."

In *Johnson*, the court looked to *United States* v. *Neustadt* (1961) 366 U.S. 696 [6 L.Ed.2d 614, 81 S.Ct. 1294], which had interpreted a portion of the Federal Tort Claims Act, 28 United States Code section 2680(h), which the *Johnson* court described as analogous to our section 818.8. In *Neustadt*, the Federal Housing Administration had negligently furnished an inaccurate inspection and appraisal report on property, as a result of which the purchaser was induced to pay a price in excess of fair market value. The high court held in *Neustadt* that the federal act, which grants immunity for misrepresentation, was a bar to any recovery by the purchaser. The *Johnson* court's reference to *Neustadt* in this context must be taken as indicating that the facts in *Neustadt* illustrated the type of misrepresentation which is within the ambit of section 818.8.

In the case before us the alleged interference with financial interest is closely analogous to the interference for which the government was immune in *Neustadt*.

One other functionally similar decision is *Hirsch* v. *Department of Motor Vehicles* (1974) 42 Cal.App.3d 252 [115 Cal.Rptr. 452]. There the plaintiff purchased an automobile from the person identified as owner on the ownership certificate which the department had issued. In fact, the car had been stolen and the department had been negligent. The action against the department to recover damages was based on negligence, and the department's demurrer was sustained upon the immunity found in Government Code sections 818.4 and 821.2 for issuance of "any permit, license, certificate," etc. The appellate court affirmed the dismissal upon that ground, and then added this (at p. 258): "Further, quite aside from sections 818.4 and 821.2, the certificate of

ownership here issued can clearly be construed as a 'misrepresentation' by the Department of Motor Vehicles of the true ownership of the vehicle, falling within the purview of section 818.8; thus defendant would be entitled to immunity under that section alone."

Other cases applying section 818.8 to deny relief for injury to financial or commercial interests are *Schonfeld* v. *City of Vallejo* (1975) 50 Cal.App.3d 401, 407 [123 Cal.Rptr. 669]; *Universal By-Products, Inc.* v. *City of Modesto* (1974) 43 Cal.App.3d 145, 154 [117 Cal.Rptr. 525]; *Brown* v. *City of Los Angeles* (1968) 267 Cal.App.2d 849 [73 Cal.Rptr. 364].

■ Since we conclude that Government Code section 818.8 and its counterpart section 822.2, are applicable, we need not consider the efficacy of the exculpatory provisions of the Hermosa Beach ordinance.

■ Finally, we must point out that the Grenells' cross-complaint stated a cause of action for declaratory relief by alleging the existence of a justiciable controversy. The pleaders were entitled to a declaration, whether favorable or unfavorable, to them. Thus it was not proper for the trial court to sustain a general demurrer solely upon the ground that the pleaders were not entitled to a favorable judgment. (See *Jefferson Incorporated* v. *City of Torrance* (1968) 266 Cal.App.2d 300, 302 [72 Cal.Rptr. 85].) However, it is unnecessary to send the case back for a declaration of rights, since we can accomplish that by a modification of the judgment. (See *Teachers Management & Inv. Corp.* v. *City of Santa Cruz* (1976) 64 Cal.App.3d 438, 449 [134 Cal.Rptr. 523].)

The order of September 30, 1976, sustaining the demurrer to the cross-complaint is vacated. The judgment (order of dismissal filed Oct. 12, 1976) is modified to read as follows:

"It is declared that cross-complainants Bernard B. Grenell and Barbara Grenell are not entitled to be indemnified by cross-defendants, City of Hermosa Beach and Pat F. Brown, for any loss, liability or expense by reason of the acts alleged in plaintiffs' complaint."

As so modified, the judgment is affirmed. The appeal from the order of January 27, 1977, is dismissed. Each side shall bear its own costs on appeal.

Kingsley, J., and Burke (M. L.), J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.