Filed 3/12/25  City of Diamond Bar v. Li CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CITY OF DIAMOND BAR,<br><br>   Plaintiff and Respondent,<br><br>  v.<br><br>CATHERINE LI and JOHN ZHONG,<br><br>   Defendants and Appellants. | B335376<br><br>(Los Angeles County Super. Ct. No. 23PSCV02124) |

  APPEAL from an order of the Superior Court of Los Angeles County, Salvatore T. Sirna, Judge.  Affirmed.

  Catherine Li and John Zhong, in pro. per., for Defendants and Appellants.

Dapeer, Rosenblit & Litvak, William Litvak and Sarah Edmiston for Plaintiff and Respondent.

* * * * * *

The trial court issued a preliminary injunction enjoining the owners of a home from violating a local ordinance prohibiting short-term rentals. The homeowners appeal. The preliminary injunction is supported by substantial evidence, and the homeowners' remaining challenges are not properly before us or are unsupported by the record. We accordingly affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

Catherine Li and John Zhong (the homeowners) own a 3,253-square-foot single family home in a residential neighborhood within the City of Diamond Bar (the City).

The City has an ordinance that prohibits short-term rentals of fewer than 30 days in any residential neighborhood. (Diamond Bar Mun. Code, §§ 5.08.050(b), 22.080.020.) The City also has an ordinance that prohibits advertising such rentals on the internet. (*Id.*, § 5.08.050(c).)

There is no dispute that the homeowners violated these ordinances. In 2022 and early 2023, they advertised their home for overnight rentals on Airbnb and VRBO. After neighbors reported this violation and after the City issued nine written citations and two notices of violation to the homeowners, a city official in May 2023 contacted the homeowners through Airbnb and rented the home for one night.

2

## II.    Procedural Background

In July 2023, the City filed a verified complaint against the homeowners alleging claims for (1) public nuisance and (2) public nuisance per se.

On October 27, 2023, the City filed a motion for a preliminary injunction seeking to enjoin the homeowners from continuing to advertise and rent their home on a short-term basis.

The homeowners filed no opposition.

After a December 7, 2023 hearing at which the homeowners appeared through counsel, the trial court granted the preliminary injunction.  The court found it "likely [that] the City will be able to prevail on the merits" by showing that the homeowners "have been operating a short-term rental . . . in violation of the [City's municipal code]."  The court also found that "the City"—because the municipal code "authorizes the use of injunctive relief to enjoin [any] violations"—was "entitled to the presumption that the potential harm to the City outweighs any potential harms to the" homeowners and that the homeowners "failed to rebut this presumption" by not opposing the motion.

The preliminary injunction issued the next day, enjoining the homeowners from "[u]sing, occupying, or maintaining" their home "in a manner that violates City of Diamond Bar Municipal Code" or "[u]sing, listing, renting, or advertising" their home "for short-term rental activity."

In the following week, the homeowners (1) appealed the order issuing a preliminary injunction, (2) filed a motion to set aside the order granting a preliminary injunction, and (3) filed a cross-complaint against the City.  In January 2024, the trial court denied the motion to set aside the order as "moot" due to

3

the pendency of the homeowners' appeal and, on the court's own motion, struck the homeowners' cross-complaint as untimely. The homeowners did not separately appeal the denial of their motion to set aside the preliminary injunction.

## DISCUSSION

In their opening brief, the homeowners challenge the trial court's order granting the preliminary injunction on five grounds: (1) the preliminary injunction rests on insufficient evidence or was otherwise an abuse of discretion, (2) the preliminary injunction violates the dormant commerce clause, (3) the preliminary injunction was the product of the City's selective and discriminatory enforcement, (4) the evidentiary basis for the preliminary injunction is inadmissible hearsay, and (5) the homeowners have now "adjusted [their] rental operations to comply" with the City's municipal code, and these changed circumstances warrant reversal of the preliminary injunction.[1]

Although an order granting a preliminary injunction is appealable (Code Civ. Proc., § 904.1, subd. (a)(6); *Donahue Schriber Realty Group, Inc. v. Nu Creation Outreach* (2014) 232 Cal.App.4th 1171, 1175), the only one of the homeowners' challenges properly before us on appeal is their challenge to the sufficiency of the evidence underlying the preliminary injunction and whether its issuance was an abuse of discretion. The

---

[1] In their reply brief and at oral argument, the homeowners for the first time argue that (1) the city official's "covert operation" in renting the house for a night violated the Fourth Amendment, and (2) the City's conduct of recording a lis pendens against the house constitutes malicious prosecution, slander of title, and abuse of process. Arguments raised for the first time in a reply brief are waived. (E.g., *Old East Davis Neighborhood Assn. v. City of Davis* (2021) 73 Cal.App.5th 895, 915.)

4

homeowners did not raise any of the other challenges in the trial court until their motion to set aside the preliminary injunction. However, the trial court's order denying the homeowners' motion to set aside is not before us for a few reasons. To begin, that motion argued points that the homeowners should have raised in an opposition to the preliminary injunction motion, and thus functioned as a motion for reconsideration, but orders denying a motion for reconsideration are not separately appealable. (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1576-1577; *Grenell v. City of Hermosa Beach* (1980) 103 Cal.App.3d 864, 869.) What is more, the homeowners divested the trial court of the power to rule on the motion to set aside by filing a notice of appeal from the preliminary injunction before the motion was decided. (*Hahn v. Diaz-Barba* (2011) 194 Cal.App.4th 1177, 1193.) And even if we treated the court's denial of the motion as separately appealable, the homeowners never filed a notice of appeal encompassing that order. (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1008; *Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173.) Thus, there is no proper appeal from which we could consider the homeowners' claims that the City's ban on short-term rentals violates the dormant commerce clause, that the City's lawsuit is a product of selective enforcement, or that the circumstances giving rise to the injunction have changed.[2]

---

**2** Even if we were to treat the dormant commerce clause challenge as presenting a pure question of law that can be presented for the first time on appeal, a nearly identical challenge to an ordinance with an across-the-board prohibition of short-term rentals of residential homes has been rejected. (*Rosenblatt v. City of Santa Monica* (9th Cir. 2019) 940 F.3d 439, 422, 447; cf. *South Lake Tahoe Property Owners Group v. City of*

In evaluating whether a trial court properly issued a preliminary injunction, the default rule requires a trial court to balance, "on a sliding scale," whether (1) "the party seeking the injunction is likely to prevail on the merits [of its claims] at trial," and (2) "the 'interim harm' to that party if an injunction is denied is greater than 'the [interim] harm the [opposing party] is likely to suffer if the . . . injunction is issued.'" (*Integrated Dynamic Solutions, Inc. v. VitaVet Labs, Inc.* (2016) 6 Cal.App.5th 1178, 1183.) But where, as here, "a government entity seek[s] to enjoin [an] alleged violation of an ordinance which specifically provides for injunctive relief," a modified rule applies: Once the government entity "establishes that it is reasonably probable that it will prevail on the merits, a rebuttable presumption arises that the potential harm to the public outweighs the potential harm to the [party to be enjoined]"; only if the party to be enjoined rebuts this presumption by "show[ing] that it would suffer grave or irreparable harm from the issuance of the preliminary injunction" "must" "the court . . . then examine the relative actual harms to the parties." (*IT Corp. v. County of Imperial* (1983) 35 Cal.3d 63, 72; *People v. Uber Technologies, Inc.* (2020) 56 Cal.App.5th 266, 285 [applying this test to mandatory and prohibitory injunctions].) We review the grant of a preliminary injunction for an abuse of discretion, and any subsidiary factual findings for substantial evidence. (*City of Corona v. AMG Outdoor Advertising, Inc.* (2016) 244 Cal.App.4th 291, 298-299.)

The trial court did not abuse its discretion in issuing the preliminary injunction enjoining the homeowners' short-term

---

*South Lake Tahoe* (2023) 92 Cal.App.5th 735, 761 [finding violation when ordinance permits California residents, but not non-residents, to use their residences for short-term rentals].)

6

rental activity. Because the City's municipal code specifically empowers it to seek an injunction enjoining any violation of that code (Diamond Bar Mun. Code, §§ 1.04.010(e) ["any . . . use or activity . . . in violation of the provisions of this Code . . . shall be deemed a public nuisance and may be abated by the city by any lawful means . . ."], 22.78.060(1)(a) [City may seek injunctions for violations of the Code]), the modified rule applies. The City established that it is likely to prevail on its nuisance claim. Its municipal code deems any violation of the code to be a "public nuisance" (*id.*, § 1.04.010(e); accord, Gov. Code, § 38771 ["By ordinance the city legislative body may declare what constitutes a nuisance"]; *City of Costa Mesa v. Soffer* (1992) 11 Cal.App.4th 378, 382-383 [so noting]), thereby obviating any need to examine how sporadic or constant the rentals occur. Further, substantial evidence supports the court's factual finding that the homeowners violated the code by advertising and renting their home on a short-term basis of 30 days or less; indeed, a city employee was able to rent their house for one night.[3] Under the modified rule, a presumption that the balance of harms tips in favor of the preliminary injunction applies. And the homeowners—by failing to oppose the motion for a preliminary injunction—offered no evidence to rebut that presumption. In their reply brief on appeal, the homeowners assert that their attorney proffered evidence at the hearing on the preliminary injunction and suggest that a transcript of the hearing exists. But there is no such transcript, as the homeowners themselves

---

[3]     By failing to object in the trial court to the evidence the City submitted in support of its motion for a preliminary injunction, the homeowners forfeited any hearsay objection to that evidence. (Evid. Code, § 353.)

7

acknowledged when they filed their notice designating the record on appeal.

## DISPOSITION

The order is affirmed. The City is entitled to its costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, P. J.

HOFFSTADT

We concur:

_____, J.

BAKER

_____, J.

KIM (D.)