[No. B018532. Second Dist., Div. Four. Apr. 30, 1986.]

HELEN RUTH STEVENS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ST. FRANCIS MEDICAL CENTER, Real Party in Interest.

## COUNSEL

Lawrence R. Booth and Daniel M. Graham for Petitioner.

No appearance for Respondent.

Rushfeldt, Shelley & McCurdy, Linda C. Miller, Randall L. Shelley, Greinis, Martin, Stein & Richland and Alan G. Martin for Real Party in Interest.

## OPINION

**WOODS, P. J.—** This proceeding in mandate presents the question whether a cause of action for fraud and deceit against a hospital is pleaded

by factual allegations that the hospital intentionally concealed from the plaintiff and all other patients that foreign physicians, unlicensed to practice medicine in California, were authorized by the hospital to function as hospital staff physicians and surgeons on a daily basis without the supervision required by statute.

For the reasons discussed hereafter, we conclude that such alleged concealment of material fact and resulting injury may state a cause in actual fraud sufficient to overcome a general demurrer.

The material allegations of the operative third amended complaint are as follows: plaintiff submitted herself for a "C-section" surgical procedure in defendant hospital. The assistant surgeon (Chon) at the surgery was in fact a foreign nation physician who graduated from a foreign medical school and was unlicensed to practice medicine in California.

Chon had been participating at defendant hospital for four months in an educational fellowship specialty program authorized and regulated by Business and Professions Code section 2112. The statute requires hospitals to obtain permission for such fellowship programs from the California Division of Licensing. It requires that all participating fellows "shall at all times be under the direction and supervision of a licensed, Board-Certified physician and surgeon who is recognized as a clearly outstanding specialist in the field in which the foreign fellow is to be trained." The statute requires the designated supervising "outstanding specialist" to submit a one-year instruction program at the time the application for the fellowship is submitted.

Defendant hospital never intended to, and never did, comply with the supervision requirements of section 2112 and concealed this intent and omission from all its patients and the Board of Medical Quality Assurance. Defendant intentionally allowed Chon and other participating section 2112 fellows to practice medicine on a daily basis in the hospital "without restraint, without supervision and without direction by any of the designated 'clearly outstanding specialists['] which defendant, . . . nominally designated in order to comply with the requirements of Section 2112."

Neither did Chon perform procedures in the specialty field designated on his fellowship application. He "simply practiced obstetrics, as the assistant and assistant surgeon to other doctors, none of whom were the clearly outstanding specialists who were specifically designated to closely direct and supervise the activities of defendant, CHON."

This intentional failure to obey program requirements by hospital was in furtherance of its scheme to use the foreign fellows as free staff physicians

to its own financial benefit and to the risk of its patients' well being. Hospital intentionally conducted this scheme in conscious disregard of the increased risk to its patients, particularly when emergency situations such as plaintiff's would arise. Hospital intentionally concealed from "the licensing authorities" its noncompliance with the section 2112 clinical supervision requirements as part of hospital's general scheme to conceal this noncompliance from its patients.

Because Chon was not a California licensed physician trained in California hospital emergency procedures, and because he was not then under supervision as required by statute, he failed to call a "Code Blue" alert until 10 minutes after plaintiff went into cardiac arrest during her surgical procedure. As a direct and proximate result, plaintiff is brain dead. Plaintiff believed that all persons functioning as surgeons at her surgery would be physicians licensed to practice medicine in California and accordingly well trained. She would not have consented to the participation of the unlicensed physician had she known the true facts as to his qualifications.

Plaintiff seeks exemplary damages upon her fraud allegations.

Respondent sustained defendant hospital's general demurrer to this cause without leave to amend on the ground that there must be allegations that a specific hospital agent made a direct affirmative misrepresentation concerning Chon's status to plaintiff and that plaintiff detrimentally relied thereon. Respondent found that without such direct affirmative misrepresentation, the alleged intentional misconduct by defendant hospital amounts only to gross negligence.

We issued the alternative writ because petitioner is entitled to a preferential trial under section 36 of the Code of Civil Procedure and a retrial after judgment would most probably occur after her death.

## DISCUSSION

The sustaining of the demurrer resulted from a fundamental misconception of law, the belief that actual fraud always requires a direct, affirmative misrepresentation of material fact.

It is, however, established by statute that intentional concealment of a material fact is an alternative form of fraud and deceit equivalent to direct affirmative misrepresentation. (Civ. Code, §§ 1572, subd. 3, 1709, and

1710, subd. 3.)[1] Case law and secondary authorities recognize this fundamental principle. (*General Acc. etc. Corp.* v. *Indus. Acc. Com.* (1925) 196 Cal. 179, 190 [237 P. 33]; *Ach* v. *Finkelstein* (1968) 264 Cal.App.2d 667, 674 [70 Cal.Rptr. 472]; *Outboard Marine Corp.* v. *Superior Court* (1975) 52 Cal.App.3d 30, 37 [124 Cal.Rptr. 852]; 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, §§ 445 and 462-463, pp. 2710, 2726-2727; Rest.2d Torts (1981) §§ 550, 557A, pp. 118, 149; BAJI Nos. 12.35, 12.36, 12.37.)

Civil Code section 3294, which is the statutory basis for exemplary damages, defines "fraud" as ". . . an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." (Civ. Code, § 3294, subd. (c)(3).)

In *Outboard Marine Corp.* v. *Superior Court, supra,* 52 Cal.App.3d at page 37, the court observed: "'Where failure to disclose a material fact is calculated to induce a false belief, the distinction between concealment and affirmative misrepresentation is tenuous. Both are fraudulent. An active concealment has the same force and effect as a representation which is positive in form.'" (Quoting from 37 Am.Jur.2d, Fraud and Deceit, § 144, p. 197, fns. omitted.) This statement of the law is in accord with the Restatement Second of Torts, sections 550 and 557A,[2] and California standardized civil jury instructions.[3]

█ For purposes of a general demurrer to a complaint, all material fact allegations must be taken as true. Whether the plaintiff will be able to prove

---

[1]Civil Code section 1572 states: "Actual fraud, . . . consists in any of the following acts, committed by a party to a contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract: . . . [¶] 3. The suppression of that which is true, by one having knowledge or belief of the fact; . . . [¶] 5. Any other act fitted to deceive."

Civil Code section 1709 provides: "One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damages which he thereby suffers."

Civil Code section 1710, provides: "A deceit, . . . is either: . . . [¶] 3. The suppression of a fact, by one who is bound to disclose it, . . . ."

Civil Code section 1711 provides that the intent to deceive the public or a particular class of persons is deemed to be an intent to deceive every individual within that class, who is actually misled by the deceit.

[2]Restatement Second of Torts (1981) chapter 23, sections 550, 557A, pages 118 and 149.

[3]The necessary elements of a cause of action for fraud and deceit by concealment is stated in BAJI No. 12.35 ("Fraud and Deceit—Concealment") as follows: "1. The defendant must have concealed or suppressed a material fact; [¶] 2. The defendant must have been under a duty to disclose the fact to the plaintiff; [¶] 3. The defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; [¶] 4. The plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; [¶] 5. And, finally, as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage."

the pleaded facts is irrelevant to ruling upon the demurrer. (*Alcorn* v. *Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 496 [86 Cal.Rptr. 88, 468 P.2d 216].)

 Application of these fundamental principles to the material facts alleged by plaintiff compels the conclusion that a cause for actual fraud by intentional concealment is sufficiently pleaded.

The concealed lack of required supervision and medical qualification is a fact material to the patient-health care provider transaction and defendant hospital had a duty to disclose.

Licensing of physicians serves the public policy purpose of assuring patients of an established level of physician competence and training. Patients entering a hospital routinely and reasonably expect that a hospital authorizes only appropriately supervised, trained, and licensed physicians to practice or maintain physician staff privileges there. The fact that a person functioning as an assistant surgeon is not a physician licensed to practice medicine in California, or supervised as required by law, is certainly material to the health care services contract. It materially increases the risk to the patient that incompetent medical care might be provided.

Clearly inapposite here is *Ebaugh* v. *Rabkin* (1972) 22 Cal.App.3d 891 [99 Cal.Rptr. 706], which respondent relied upon as barring exemplary damages. *Ebaugh* involved a hospital sued in respondeat superior. The plaintiff patient sought punitive damages because a negligent mix-up of hospital surgery charts by hospital staff resulted in the wrong operation being performed. The hospital appealed from a jury award of punitive damages against it. *Ebaugh* pointed out, in the context of the technical (negligent) battery, that to recover exemplary damages from the hospital, plaintiff had to prove that a malicious intent by hospital employees to injure her had been directed, authorized or ratified by the hospital employer.

*Ebaugh* is distinguishable because here there are ample allegations of a fraudulent intent by hospital to deprive plaintiff of the benefit of a material aspect of the health care contract with full knowledge of the inherent risk to plaintiff.

Civil Code section 3294, upon which the *Ebaugh* discussion is based, treats "oppression, fraud, or malice" as separate bases for imposition of exemplary damages. A fraud cause seeking punitive damages need not include an allegation that the fraud was motivated by the malicious desire to inflict injury upon the victim. The pleading of fraud is sufficient. (*Miller* v. *National American Life Ins. Co.* (1976) 54 Cal.App.3d 331, 336

[126 Cal.Rptr. 731]; *Horn* v. *Guaranty Chevrolet Motors* (1969) 270 Cal.App.2d 477, 484 [75 Cal.Rptr. 871].) *Ebaugh* did not involve any fraud and was concerned exclusively with the prerequisite establishment of malice as the basis for exemplary damages. Finally, our case involves the allegation of direct fraud on the part of the hospital. (See Civ. Code, § 3294, subd. (b).)

Let a peremptory writ of mandate issue directing respondent to vacate its orders of September 20 and December 6, 1985, sustaining without leave to amend defendant hospital's demurrer to the third cause of action for fraud and deceit, and to make a new and different order overruling defendant's demurrer as to that cause.

In order to prevent frustration of the relief granted, it is ordered that this decision shall become final to this court immediately.

McClosky, J., and Arguelles, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied June 26, 1986.