[No. E003517. Fourth Dist., Div. Two. Jan. 28, 1988.]

GEORGE T. HARSHBARGER et al., Plaintiffs and Appellants, v. CITY OF COLTON, Defendant and Respondent.

COUNSEL

Reid & Hellyer and Alexandra S. Ward for Plaintiffs and Appellants.

Wilson, Borror, Dunn & Scott and Thomas M. Davis for Defendant and Respondent.

OPINION

HEWS, J.—This is an appeal from an order of dismissal entered in favor of defendant City of Colton (Colton) and against plaintiffs Gregory T. Harshbarger and Ellen Takahashi-Harshbarger (the Harshbargers) following the trial court's granting of Colton's demurrers without leave to amend.

The issues on appeal are: 1) Does governmental immunity bar the Harshbargers from bringing suit against Colton for intentional misrepresentation or fraudulent suppression of fact by city employees?

2) Does governmental immunity apply to bar the Harshbargers' complaint against Colton where the complaint seeks damages based on fraudulent inspection of private property by city employees?

3) May the Harshbargers state a claim against Colton for negligent hiring of employees based on fraudulent inspection of private property by city employees?

4) Did the trial court abuse its discretion in denying the Harshbargers leave to amend their complaint?

## FACTS

According to the allegations of the complaint "which we must assume to be true for purposes of ruling on a demurrer" (*Ramos* v. *County of Madera* (1971) 4 Cal.3d 685, 688 [94 Cal.Rptr. 421, 484 P.2d 93]):

The Harshbargers contracted with a general contractor for construction of a single family residence (the residence) to be built on their property in Colton. Construction on the residence began in April of 1984 and stopped sometime in July or August of 1985. During the time the Harshbargers' residence was under construction, Dale Young (Young) and Robert M. Holt (Holt) were employed by Colton as building inspectors, whose duties were to inspect all construction to ensure compliance with applicable building codes.

Young and Holt periodically inspected the residence to ensure that at each stage of construction it complied with applicable codes. As a result of their inspections, Young and Holt were aware the construction did not meet various code standards. However, after each of their inspections, Young and Holt signed the "job card" maintained in connection with the construction of the residence, the signing of which constituted their acknowledgement that construction at that stage complied with applicable codes and permitted the next stage of construction to begin. Neither Young nor Holt disclosed to the Harshbargers that construction on the residence was defective.

The general contractor stopped work on the residence in late July or early August of 1985. In August of 1985, the Harshbargers received a letter from Colton stating that the residence did not comply with the variety of applicable codes. As a result of the defects in construction, the Harshbargers paid approximately $295,000 for reconstruction of their residence to bring it up to code standards.

The Harshbargers subsequently brought suit against Young, Holt, and Colton for intentional misrepresentation and suppression of fact, and against Colton for negligent hiring. Colton demurred to all causes of action on the ground that the complaint failed to state a cause of action against it. It argued that a public entity is immune from liability for injuries caused by intentional misrepresentations of employees of the public entity, for suppression of fact, or by reason of making an inadequate or negligent inspection of private property for the purpose of determining whether it complies with or violates any enactment. The trial court sustained the demurrers without leave to amend and dismissed the Harshbargers' complaint against Colton.

## I

### *Intentional Misrepresentation*

The Harshbargers contend that Colton is not immune from liability for intentional misrepresentation by Colton city employees during inspection of construction on the Harshbargers' residence.

█ In California, all government tort liability must be based on statute. "Government Code section 815,[1] enacted in 1963, abolished all common law or judicially declared forms of liability for public entities, except for such liability as may be required by the federal or state Constitution. Thus, in the absence of some constitutional requirement, public entities may be liable *only* if a statute declares them to be liable." (*Cochran* v. *Herzog Engraving Co.* (1984) 155 Cal.App.3d 405, 409 [205 Cal.Rptr. 1], original italics.) Section 815, subdivision (a) specifically provides that "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Additionally, section 815, subdivision (b) states "[t]he liability of a public entity established by this part . . . is subject to any immunity of the public entity provided by statute . . . ." As the legislative comment to section 815 notes, the immunity provisions "[u]nder subdivision (b) of [section 815] . . . will as a general rule prevail over all sections imposing liability." (Cal. Law Revision Com. com., Deerings Ann. Gov. Code, § 815 (1982 ed.) p. 135.) "In short, sovereign immunity is the rule in California; governmental liability is limited to exceptions specifically set forth by statute." (*Cochran* v. *Herzog Engraving Co., supra,* 155 Cal.App.3d at p. 409.)

### A. *Section 818.8 Immunity and Doctrine of Respondeat Superior*

█ The Harshbargers argue that under the doctrine of respondeat superior a public entity is liable for wrongful acts of its employees, whether

---

[1] All statutory references are to the California Government Code unless otherwise stated.

those acts are negligent or intentional, where as here the employees are "guilty of actual fraud, corruption or actual malice." (§ 822.2.) They cite sections 815.2 and 822.2 in support of their argument.

Pursuant to section 815.2,[2] public entities are liable for injuries caused by their employees in the scope of their employment, if the act or omission of the employee would, apart from section 815.2, give rise to a cause of action against the employee. Section 822.2[3] provides that a public employee is not liable for injury caused by his misrepresentation "unless he is guilty of actual fraud, corruption or actual malice."

Thus, the Harshbargers argue, pursuant to these two code sections, Colton is liable for the fraudulent or intentional misrepresentations of Young and Holt that the residence met code standards when in fact they knew it did not.

However, "[i]t is apparent that section 822.2 applies only to a public employee, not to a public entity such as the respondent city." (*Universal By-Products, Inc.* v. *City of Modesto* (1974) 43 Cal.App.3d 145, 154 [117 Cal.Rptr. 525].) According to the legislative comment, section 818.8[4] specifically provides public entities with "absolute immunity from liability for negligent or intentional misrepresentation[s]" of its employees. (Cal. Law Revision Com. com., Deerings Ann. Gov. Code, § 818.8 (1982 ed.) p. 174.) The comment to section 818.8 distinguishes section 818.8 (immunity of public entities for misrepresentations of employees) from section 822.2 (immunity of employees of public entities for misrepresentations), noting that "[a] similar immunity is provided public employees by Section 822.2 except that an employee may be held liable if he is guilty of actual fraud, corruption or actual malice." (*Ibid.*)

"[S]ection 815, subdivision (b) states that statutory liabilities are subordinated to statutory immunities. Thus, the immunity provisions to section 818.8 would prevail over the general statement of liability in section 815.2."

---

[2] Section 815.2 states: "(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative. [¶] (b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

[3] Section 822.2 provides that "[a] public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption or actual malice."

[4] Section 818.8 provides: "A public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional."

(*Universal By-Products, Inc.* v. *City of Modesto, supra,* 43 Cal.App.3d at p. 154.) A public employee may be liable for actual fraud, but the public entity is wholly immune. (*Ibid.*)

### B. *Section 818.8 Immunity for Commercial Relationship or Transaction*

The Harshbargers next cite *Johnson* v. *State of California* (1968) 69 Cal.2d 782 [73 Cal.Rptr. 240, 447 P.2d 352] in support of their argument that section 818.8 immunizes a public entity from liability for misrepresentation only if the injury suffered due to the misrepresentation resulted from a commercial relationship or transaction between the plaintiff and the public entity, and thus does not provide immunity here.[5]

In response Colton cites *Grenell* v. *City of Hermosa Beach* (1980) 103 Cal.App.3d 864 [163 Cal.Rptr. 315] in support of its argument that under *Johnson* the facts of the present case fall within the immunity provided by section 818.8. We agree with Colton.

In *Johnson* the California Supreme Court ruled that a public entity may be liable for placing a Youth Authority parolee with known violent propensities in a foster home without warning the foster mother of the youth's dangerous propensities. In dicta, the court discussed the public entities' immunity for misrepresentation provided by section 818.8. The court stated that " 'misrepresentation,' as a tort distinct from the general milieu of negligent and intentional wrongs, applies to interferences with financial or commercial interest. The Legislature designed section 818.8 to exempt the governmental entity from this type of liability." (*Johnson* v. *State of California, supra,* 69 Cal.2d at p. 800.)

In reaching this conclusion, the *Johnson* court relied on the case of *United States* v. *Neustadt* (1961) 366 U.S. 696 [6 L.Ed.2d 614, 81 S.Ct. 1294]. The issue in *Neustadt* was whether the United States was liable where the Federal Housing Administration had furnished a statement

---

[5]The Harshbargers also cite *Connelly* v. *State of California* (1970) 3 Cal.App.3d 744 [84 Cal.Rptr. 257] in support of their argument. We find *Connelly* inapplicable to the facts at bar. In *Connelly,* the plaintiff, owner of three marinas located near the confluence of two rivers, brought an action against the state to recover for business losses suffered as a result of the state's voluntary dissemination of inaccurate river height reports. Applying the *Johnson* criteria to the facts before it, the *Connelly* court found "that although appellant suffered a commercial loss in the sense that his business installations were damaged, the loss did not result from a commercial transaction between him and the state, nor from the state's interference with his commercial transactions." (*Id.,* at p. 752.) Thus, the court concluded that section 818.8 did not apply because there was no allegation that the state interfered "with appellant's commercial activities within the rationale of *Johnson*." (*Ibid.*)

reporting results of an inaccurate inspection appraisal on residential property and as a result the purchaser was induced to pay a purchase price in excess of fair market value. "The high court held in *Neustadt* that the federal act, which grants immunity for misrepresentation, was a bar to any recovery by the purchaser. The *Johnson* court's reference to *Neustadt* in this context must be taken as indicating that the facts in *Neustadt* illustrated the type of misrepresentation which," as noted by the court in *Grenell*, "is within the ambit of section 818.8." (*Grenell* v. *City of Hermosa Beach, supra,* 103 Cal.App.3d at p. 874.)

In *Grenell* the court found "the negligence of the city employee who prepared the report [misrepresenting that two dwelling units were legally authorized under city zoning regulations, when in fact one was not] comes literally within the classification of a 'misrepresentation' referred to in the immunity sections [818.8 and 822.2] . . . ." (*Id.,* at p. 871.) The court concluded that "the alleged interference with financial interest [was] closely analagous to the interference for which the government was immune in *Neustadt,*" (*id.,* at p. 874) and therefore section 818.8 and its counterpart section 822.2 provided immunity for the injury caused by the misrepresentation of the city employee. (*Id.,* at p. 875.)

In their complaint, the Harshbargers allege that by signing the "job card" the city employees misrepresented that the residence complied with code standards when in fact they knew it was defective. Subsequently, the city issued a letter stating that the construction on the residence violated or did not comply with various codes. As a result, the Harshbargers expended an additional $295,000 to reconstruct their residence so that it met code standards. This alleged interference with the Harshbargers' financial interest is analagous to the situations in which the government was held to be immune from liability in both *Neustadt* and *Grenell*. Therefore, we conclude that the facts of this case fall within the immunity provisions of section 818.8 and the Harshbargers cannot maintain a cause of action against Colton for intentional misrepresentation.

II

*Suppression of Fact*

Additionally, the Harshbargers argue that section 818.8 does not immunize Colton from liability for its employees' fraud by suppression of fact. They argue that Civil Code section 1710[6] includes two definitions of deceit

---

[6] Civil Code section 1710 states in relevant part: "A deceit . . . is either: [¶] 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; [¶] 2. The

which do not constitute misrepresentation under section 818.8, including nondisclosure or suppression of fact. They also argue that the immunity bestowed by section 818.8 should be strictly construed and should not confer immunity for fraud by suppression of fact. We do not find their arguments persuasive.

The Harshbargers cite only from Van Alstyne's treatise, California Government Tort Liability Practice, in support of their argument. In his notes to section 818.8, Van Alstyne states: "The immunity conferred is from liability for 'misrepresentation,' which is not defined in the act. The statutory definition of deceit, in [Civil Code sections] 1572 and 1710, includes two forms [of deceit] that may not constitute misrepresentation: (1) nondisclosure or suppression of relevant facts . . . ." (Van Alstyne, Cal. Government Tort Liability Practice (Cont.Ed.Bar. 1980) appen., p. 615.)

However, the immunity provided governmental entities by section 818.8 for misrepresentation applies not only to the first two types of deceit described in Civil Code section 1710 (intentional misrepresentation and negligent misrepresentation) but also to concealment—suppression of fact. (*Schonfeld* v. *City of Vallejo* (1975) 50 Cal.App.3d 401, 408-409 [123 Cal.Rptr. 669]; see *Warner Constr. Corp.* v. *City of Los Angeles* (1970) 2 Cal.3d 285 [85 Cal.Rptr. 444, 466 P.2d 996]; *Page* v. *City of Montebello* (1980) 112 Cal.App.3d 658, 670 [169 Cal.Rptr. 447]; Miller, Cal. Government Tort Liability Practice (Cont.Ed.Bar 1986 supp.) § 2.80, p. 58.)

"It is . . . established by statute that intentional concealment of a material fact is an alternative form of fraud and deceit equivalent to direct affirmative misrepresentation. (Civ. Code, §§ 1572, subd. 3, 1709, and 1710, subd. 3.)" (*Stevens* v. *Superior Court* (1986) 180 Cal.App.3d 605, 608-609 [225 Cal.Rptr. 624] .) " 'Where failure to disclose a material fact is calculated to induce a false belief, the distinction between concealment and affirmative misrepresentation is tenuous. Both are fraudulent. An active concealment has the same force and effect as a representation which is positive in form.' " (*Outboard Marine Corp.* v. *Superior Court* (1975) 52 Cal.App.3d 30, 37 [124 Cal.Rptr. 852], quoting from 37 Am.Jur.2d, Fraud and Deceit, § 144, p. 197.) The Harshbargers have "not cited, and our research has not disclosed, any case" that in any way "questioned or eroded the legislative mandate of section 818.8 as to absolute immunity of the public entity for the negligent or intentional misrepresentations of its

---

assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true; [¶] 3. The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact . . . ."

employees. [Citation.]" (*Schonfeld* v. *City of Vallejo, supra,* 50 Cal.App.3d at p. 419.)

Based on the foregoing, we conclude the Harshbargers cannot state a cause of action against Colton for suppression of fact.

### III

### *Fraudulent Inspection*

The Harshbargers next contend that Colton is not immune from liability under section 818.6 for fraudulent inspection of the Harshbargers' residence conducted by Colton city employees.

Section 818.6 provides that "[a] public entity is not liable for injury caused by its failure to make an inspection, or by reason of making an inadequate or negligent inspection, of any property, other than its property . . . , for the purpose of determining whether the property complies with or violates any enactment or contains or constitutes a hazard to health or safety." Section 821.4[7] extends similar immunity to public employees.

The Harshbargers cite *Cooper* v. *Jevne* (1976) 56 Cal.App.3d 860 [128 Cal.Rptr. 724] in support of their argument that section 818.6, like section 821.4, confers immunity only for failure to inspect property at all or for negligently or inadequately inspecting property, and that it does not create an immunity for fraudulent inspections. They urge that public entities are liable for fraudulent inspections because section 818.6 is identical to section 821.4, under which the *Cooper* court concluded that plaintiffs could amend to state a cause of action against county building inspectors.

The Harshbargers' reliance on *Cooper* is misplaced. *Cooper* did not discuss whether the *public entity* was liable for fraudulent inspections or intentional misrepresentations of county building inspectors. In *Cooper* the facts involved a "fraudulent inspection," but the court allowed recovery based not on section 821.4 (failure to make any, or adequate, inspection of property) but on section 822.2[8] (misrepresentation by public employees). Though the court cited both sections 821.4 and 822.2 in support of its conclusion, it stated that "[o]ur perusal of the claim statutes indicates that the *only* basis

---

[7] Section 821.4 provides: "A public employee is not liable for injury caused by his failure to make an inspection, or by reason of making an inadequate or negligent inspection, of any property, other than the property . . . of the public entity employing the public employee, for the purpose of determining whether the property complies with or violates any enactment or contains or constitutes a hazard to health or safety."

[8] Set forth in footnote 3, *ante.*

upon which the county building inspectors may be held liable to purchasers is on the ground of *intentional misrepresentation amounting to 'actual fraud,'* " (*id.,* at p. 874, italics added) and concluded "[t]o issue any approval to a project which the inspector knows is not in conformity with the code constitutes *actionable, intentional misrepresentation*." (*Id.,* at p. 874, italics added.)

As we previously noted, if there has been a misrepresentation by a public employee, although the employee may be liable for "actual fraud, corruption or actual malice," under section 818.8 (immunity of public entity for misrepresentations of public employees) the public entity is wholly immune.

■ We conclude that although a public employee may be liable for fraudulent inspections (§§ 821.4, 822.2; *Cooper* v. *Jevne, supra,* 55 Cal.App.3d at p. 860), the public entity is immune from liability under section 818.6. (§§ 818.6, 818.8, *Universal By-Products Inc.* v. *City of Modesto, supra,* 43 Cal.App.3d at p. 145.) The grant of immunity under section 818.6 is absolute. "If the immunity were not applicable in situations such as that presented by the facts of this case, municipalities would be exposed to unwarranted and unsupportable risk of liability. [Citation.]" (*Cochran* v. *Herzog Engraving Co., supra,* 155 Cal.App.3d at p. 412.) " 'Because of the extensive nature [of public entities'] inspection activities . . .,' " public policy reasons "support the broad scope of this immunity [provided by section 818.6]. [Citation.]" (*Id.,* at p. 412.)

Therefore, the Harshbargers may not maintain a cause of action against Colton based on fraudulent inspections by its employees.

IV

*Negligent Hiring*

■ The Harshbargers contend that Colton is liable for its negligent hiring of Young and Holt as building inspectors. They contend that, pursuant to section 815.6, Colton is not immune from liability for its failure to use reasonable care in discharging its mandatory duty under Health and Safety Code section 17960[9] and for its failure to use due care in hiring,

---

[9] Health and Safety Code section 17960 provides: "The building department of every city or county shall enforce within its jurisdiction all the provisions published in the State Building Standards Code, the provisions of this part, and the other rules and regulations promulgated pursuant to the provisions of this part pertaining to the erection, construction, reconstruction, movement, enlargement, conversion, alteration, repair, removal, demolition, or arrangement of apartment houses, hotels, or dwellings."

retaining or supervising its employees on the basis of a breach of a voluntarily assumed duty.

The complaint alleges that Colton required that construction be inspected periodically, and voluntarily (a) assumed the duty to ensure construction complied with codes, (b) employed inspectors to inspect said construction, and (c) assumed the duty of hiring qualified inspectors.

Section 815.6 provides that "[w]here a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." The sections that follow provide specific immunities from this general rule of liability for mandatory duties, such as section 818.6 (immunity for failure to make any, or adequate, inspection of property) and section 818.8 (immunity for employee's misrepresentation).

To establish a basis for liability under the statute, the Harshbargers note, it must be shown that: "(1) an 'enactment' imposes a mandatory duty upon the defendant entity; (2) performance of the duty was intended to protect against the kind of injury suffered by the plaintiff; and (3) the defendant public entity's failure to use reasonable diligence to discharge the mandatory duty proximately caused plaintiff's injury. [Citations.]" (Van Alstyne, Cal. Government Tort Liability Practice, *supra,* § 2.41, at p. 94; see *Morris* v. *County of Marin* (1977) 18 Cal.3d 901, 906-907 [136 Cal.Rptr. 251, 559 P.2d 606].)

We agree that Health and Safety Code section 17960 imposes a mandatory duty on Colton to enforce code provisions and other rules and regulations pertaining to the construction of dwellings. However, inspection of property for compliance with codes and regulations is the means by which the public entity carries out its mandatory duty of enforcing compliance with codes and other building standards; and section 818.6 specifically provides immunity to public entities for failure to make any, or adequate, inspection of property. "Government Code section 818.6 grants absolute immunity . . . whether or not the duty to inspect is construed as 'mandatory' or 'discretionary.'" (*Cochran* v. *Herzog Engraving Co., supra,* 155 Cal.App.3d at p. 411.) "[T]he immunity afforded by section [818.6] would attach to both ministerial and discretionary conduct . . . ." (*Morris* v. *County of Marin, supra,* 18 Cal.3d at p. 916, fn. 9.) "[I]t would appear that the entity's immunity for health and safety inspections prevails over its liability under section 815.6 for failure to discharge a mandatory duty." (*Clayton* v. *City of Sunnyvale* (1976) 62 Cal.App.3d 666, 670 [133 Cal.Rptr.

306].) We find that Government Code section 818.6 grants absolute immunity whether the duty to inspect is construed as mandatory or discretionary, whether the act of inspection is called ministerial, discretionary or even voluntary, as the plaintiffs here construe it.

The Harshbargers next cite *Ramos* v. *County of Madera, supra,* 4 Cal.3d 685 in support of their argument that because Colton voluntarily employed building inspectors to discharge its mandatory duty under Health and Safety Code section 17960, it assumed the obligation of using due care to hire, supervise and retain its inspectors.

*Ramos* is inapplicable here. In *Ramos* the public entities and their employees coerced mothers and their minor children to work as a condition of receiving aid to families with dependent children (AFDC) payments. The court held the state liable, concluding "[w]e are satisfied that a public entity may be liable in tort pursuant to Government Code section 815.6, where it knows or should know that its failure to exercise its duty to reasonably supervise employees will result in coercing others to violate state laws . . . ." (*Id.,* at pp. 695-696.)

It is not alleged that Colton employees, Young and Holt, coerced the Harshbargers to violate state laws. Rather, Young and Holt periodically inspected construction on the Harshbarger residence to ensure compliance with applicable building codes and regulations, an activity for which we have concluded Colton is immune pursuant to section 818.6.

The Harshbargers next cite *Williams* v. *State of California* (1983) 34 Cal.3d 18 [192 Cal.Rptr. 233, 664 P.2d 137] in support of their argument that in the absence of a specific statutory immunity, a public entity may be held liable for negligence on the basis of a breach of a duty voluntarily assumed.

*Williams* is inapplicable to the present facts. In *Williams* the issue was "whether the mere fact that a highway patrolman comes to the aid of an injured or stranded motorist creates an affirmative duty to secure information or preserve evidence for civil litigation between the motorist and third parties." (*Id.,* at p. 21.) The court did not discuss whether plaintiffs could bring a cause of action for negligent hiring against the state.

Additionally, a specific statutory immunity applies in the case at bar. Colton was under a mandatory duty to enforce building code regulations, and, to accomplish that mandate, it hired building inspectors, such as Young and Holt, to inspect property for compliance with code regulations.

As we previously discussed, this activity falls under the absolute immunity provided public entities under section 818.6.

The Harshbargers next argue that Colton cannot escape liability for its alleged negligence by asserting immunity under section 818.6 because that section provides immunity for negligence that is "part and parcel of the inspection" itself (*Cochran* v. *Herzog Engraving Co., supra,* 155 Cal.App.3d at p. 412), and Colton's negligence in hiring and supervising Young and Holt predated the faulty inspections done by those employees.

In making this argument, the Harshbargers ignore the balance of the *Cochran* court's discussion of section 818.6. The court observed that "[i]n order for the immunity [of section 818.6] to apply, the negligence . . . must have been part and parcel of the inspection *or have had a direct or proximate effect on it,* either by impairing its value, frustrating its goals or purposes, affecting the results or findings made, or in some other way resulting in damage to the investigation itself." (*Id.,* at p. 412, italics added.)

In addition, the Harshbargers cite no case, nor has our research revealed any, in which a public entity has been held liable for negligent hiring or supervision based on its employee's faulty inspection of private property.

We conclude that section 818.6 immunity bars the Harshbargers from bringing a cause of action against Colton for negligent hiring and supervision of Young and Holt. Colton's hiring and supervision of Young and Holt had at least a proximate, if not a direct, effect on the inspection of the Harshbargers' residence by either impairing its value or affecting the results or findings made, or in some other way resulting in damage to the inspection itself. Thus it would fall within the immunity provided by section 818.6. Public policy reasons support the broad scope of this immunity provided by section 818.6, because of the extensive nature of public entities' inspection activities.

## V

### *Abuse of Discretion*

Finally, the Harshbargers contend that the trial court abused its discretion in sustaining the demurrers, without leave to amend, to their causes of

action for intentional misrepresentation, suppression of fact and negligence (negligent hiring) against Colton.

 " '[A] judgment or order of the lower court is *presumed correct*' " (*Harris* v. *City of Compton* (1985) 172 Cal.App.3d 1, 9) and " '[a]ll intendments and presumptions are indulged to support it . . . .' " (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].) The burden is on the appellant to show an abuse of discretion, and " 'unless a clear case of abuse is shown . . . a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.' [Citations.]" (*Id.,* at p. 566.) " '[D]iscretion is abused whenever the court exceeds the bounds of reason, all of the circumstances being considered. [Citations.]' " (*Barajas* v. *USA Petroleum Corp.* (1986) 184 Cal.App.3d 974, 987-988 [229 Cal.Rptr. 513], citing *People* v. *Giminez* (1975) 14 Cal.3d 68, 72 [120 Cal.Rptr. 577, 534 P.2d 65]. . . .)

"The function of a demurrer is to test the sufficiency of plaintiffs' pleading by raising questions of law. [Citation.] Sustaining a general demurrer without leave to amend is not an abuse of discretion if it appears from the complaint that under applicable substantive law there is no reasonable possibility or probability that the defect can be cured by amendment. [Citations.]" (*Buford* v. *State of California* (1980) 104 Cal.App.3d 811, 818 [164 Cal.Rptr. 264].) "Leave to amend should be denied where the facts are not in dispute and the nature of the claim is clear, but no liability exists under substantive law. [Citations.]" (*Lawrence* v. *Bank of America* (1985) 163 Cal.App.3d 431, 436-437 [209 Cal.Rptr. 541].) "[G]overnmental immunity is jurisdictional (cf. *State of California* v. *Superior Court* (1968) 263 Cal.App.2d 396, 398 [69 Cal.Rptr. 683]. . . ) and can properly preclude a cause of action . . . ." (*Buford* v. *State of California, supra,* 104 Cal.App.3d at p. 826.)

We have concluded that, as a matter of law, Colton is immune from liability for intentional misrepresentation and suppression of facts based on actions of its employees. Also, under the facts, Colton is immune from liability, as a matter of law, for negligent hiring of Young and Holt. If no liability exists under substantive law, that is a defect that cannot be cured by amendment. (*Lawrence* v. *Bank of America, supra,* 163 Cal.App.3d at pp. 436-437.) No useful purpose would be served by permitting plaintiff to proceed. We conclude the trial court did not abuse its discretion in sustaining demurrers, without leave to amend, to the causes of action for intentional misrepresentation, suppression of fact and negligence (negligent hiring) against Colton.

## DISPOSITION

The judgment is affirmed.

McDaniel, Acting P. J., and Dabney, J., concurred.