[No. H019329. Sixth Dist. June 5, 2000.]

ROBERT G. BURDEN, Plaintiff and Appellant, v.
COUNTY OF SANTA CLARA, Defendant and Respondent.

245

## COUNSEL

Gregory L. Burden for Plaintiff and Appellant.

McPharlin, Sprinkles & Thomas, Linda Hendrix McPharlin and Paul S. Avilla for Defendant and Respondent.

## OPINION

**COTTLE, P. J.**—After his employment with the County of Santa Clara (County) was terminated, Robert G. Burden sued the County, alleging that conditions of his employment had been misrepresented. After striking certain portions of the complaint, the trial court granted the County's motion for summary judgment. The trial court held that the County, as a public entity, had immunity pursuant to Government Code section 818.8 from Burden's common law fraud claim and his claim under Labor Code section 970. Burden appeals from the resulting judgment. Because we conclude that the trial court correctly granted summary judgment, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In November 1995, Burden was hired as an attorney in the workers' compensation section of the office of county counsel. Burden commenced work on December 6, 1995. Shortly thereafter, according to the County, Burden's supervisors determined that he lacked the interpersonal skills, professionalism, and sense of judgment needed for his position. It is undisputed that Burden's employment was terminated on December 19, 1995. Burden apparently returned to Orange County and rejoined his former law partner.

On June 4, 1996, Burden filed a complaint in Orange County Superior Court. In his complaint, Burden sued the County for (1) common law fraud, and (2) violation of Labor Code section 970, which prohibits an employer from inducing an employee to relocate his residence by means of a knowingly false representation concerning terms of employment.[1] In essence, Burden alleged that he was wrongfully induced by the County to relocate his residence to the Bay Area by promise of a "permanent position," only to discover (after he had already been terminated) that he had been hired into a "provisional position."[2] A third cause of action for slander against individual defendant Donna Diaz was also included.

---

[1] Labor Code section 970 provides, in part: "No person, or agent or officer thereof, directly or indirectly, shall influence, persuade, or engage any person to change from one place to another in this State or from any place outside to any place within the State, or from any place within the State to any place outside, for the purpose of working in any branch of labor, through or by means of knowingly false representations, whether spoken, written, or advertised in printed form, concerning either: [¶] (a) The kind, character, or existence of such work; [¶] (b) The length of time such work will last, or the compensation therefor . . . ."

[2] The underlying dispute between the parties is whether Burden was adequately informed about the nature of his position. Burden argues that he was hired into a provisional position, but was never informed of this fact. The County contends that Burden's position was not provisional, but was fully funded and approved by the Santa Clara County Board of Supervisors. According to the County, under the County's merit system rules, a new attorney

The case was transferred to Santa Clara Superior Court by stipulation. On December 3, 1996, the trial court heard the County's motion to strike portions of Burden's complaint, including his prayers for punitive damages and for double damages under Labor Code section 972. The County argued that as a public entity, it was immune from such punitive and penalty damages pursuant to section 818 of the Government Code. On December 12, 1996, the court granted the County's motion to strike these portions of the complaint.

On January 6, 1998, the trial court heard and granted the County's motion for summary judgment as to Burden's common law fraud claim and his claim under Labor Code section 970. The trial court held that the County, as a public entity, was entitled to immunity from these claims pursuant to Government Code section 818.8. The trial court denied a motion for summary judgment regarding the third cause of action against defendant Donna Diaz. Burden's claim against Diaz was subsequently settled.

Judgment was entered in favor of the County on August 31, 1998. Burden filed a timely notice of appeal from this judgment.

## II. DISCUSSION

### A. *Standard of Review*

Because a summary judgment motion raises only questions of law, we review the supporting and opposing papers independently to determine whether there is a triable issue as to any material fact. (Code Civ. Proc. § 437c, subd. (c); *AARTS Productions, Inc. v. Crocker National Bank* (1986) 179 Cal.App.3d 1061, 1064 [225 Cal.Rptr. 203].) In doing so, we apply the same analysis required of the trial court. "First, we identify the issues framed by the pleadings. . . . [¶] Secondly, we determine whether the moving party's showing has established facts which negate the opponent's claim and justify a judgment in movant's favor. . . . [¶] . . . [T]he third and final step is to determine whether the opposition demonstrates the existence of a triable, material factual issue. [Citations.]" (*Id.* at pp. 1064-1065.) Where

in the office of county counsel is hired as a provisional employee for a period of six months. After six months, the employee takes an oral exam. If the employee passes the exam, he or she is then classified as probationary. The probationary period can last between 6 and 18 months. It has been a practice in the county counsel's office that the probationary period lasts one year. At the end of the probationary period, the employee is reviewed to determine whether he or she should be offered status as a permanent employee or released from employment. Because this appeal turns on legal issues regarding the County's immunity for alleged misrepresentations, we need not address the merits of Burden's underlying allegations of misrepresentation.

there is sufficient legal ground to support the granting of the motion, the order will be upheld regardless of the grounds relied upon by the trial court. (*Carlton v. St. Paul Mercury Ins. Co.* (1994) 30 Cal.App.4th 1450, 1459-1460 [36 Cal.Rptr.2d 229].) We evaluate the summary judgment granted here as to each of plaintiff's claims in light of these principles.

### B. Burden's Fraud Claims

#### 1. Government Code Section 818.8 Immunity and Exceptions

■ The first question on appeal is whether Burden's claims against the County were barred as a result of the County's immunity under Government Code section 818.8. Section 818.8 provides: "A public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional." The County argued, and the trial court held, that Burden's claims for common law fraud and for violation of Labor Code section 970 were barred by this section. Burden contends that Government Code section 818.8 does not apply to his claims, because the "routine administrative actions" involved in his hiring do not constitute the kind of "commercial or financial transactions" that give rise to the application of section 818.8 as interpreted by the California Supreme Court in *Johnson v. State of California* (1968) 69 Cal.2d 782 [73 Cal.Rptr. 240, 447 P.2d 352].

In *Johnson v. State of California, supra,* 69 Cal.2d 782, a foster parent sued the state for negligence when a parole officer failed to warn the foster parent of the homicidal tendencies of a 16-year-old boy who was placed in her home and who subsequently assaulted the foster parent. The trial court granted summary judgment on the foster parent's claim, based upon arguments regarding various immunities and the state's duty of care.

On appeal, the California Supreme Court considered various issues raised by the parties, including the state's secondary argument that the parole officer's conduct constituted a "misrepresentation" entitled to immunity under Government Code section 818.8. (*Johnson v. State of California, supra,* 69 Cal.2d at pp. 799-800.) Examining section 818.8, the court stated: "The Legislature, in creating this exemption, must have had in mind those areas in which private defendants typically face liability for 'misrepresentation'; in other areas, immunity for 'misrepresentation' would be superfluous." (69 Cal.2d at p. 800.) The court then noted that the tort of misrepresentation had been confined " ' "very largely to the invasion of interests of a financial or commercial character, in the course of business dealings." ' " (*Ibid.*) The court concluded that the Legislature had designed section 818.8

to exempt governmental entities from liabilities of this type. The court thus held that the parole officer's failure to give adequate warnings to the foster parent was not a "misrepresentation" interfering with a financial or commercial interest, and therefore the immunity of section 818.8 did not apply. (69 Cal.2d at p. 800.)

The principle of *Johnson v. State of California, supra,* 69 Cal.2d 782, was applied in a case arising out of the adoption process, *Michael J. v. Los Angeles County Dept. of Adoptions* (1988) 201 Cal.App.3d 859 [247 Cal.Rptr. 504]. In that case, an adoptive parent alleged that the county had failed to determine the medical condition of her adopted child, and had made misrepresentations of the child's complete health. When the child was later diagnosed as suffering from a congenital degenerative nerve disorder, the adoptive parent sued the county for medical expenses and emotional distress. The trial court granted the county's motion for summary judgment on the basis that the claims were barred by Government Code section 818.8. The parent appealed.

After discussing *Johnson v. State of California, supra,* 69 Cal.2d 782, and related cases, the *Michael J.* court held that the claims in *Michael J.,* like those in *Johnson,* did not constitute "misrepresentation" within the meaning of Government Code section 818.8. The court stated: "The adoption process is not a commercial transaction, such as leasing and purchasing property or contracting for a pension. The immunity provided governmental entities and public employees by sections 818.8 and 822.2 does not shield the County from liability for misrepresentation and deceit in this social service area, designed to serve the interests of society by acting in the best interests of the child. Although appellants suffer a financial loss in the sense that they have incurred, and will continue to incur, substantial medical expenses, their loss did not result from a commercial transaction with the County nor from the County's interference with a commercial transaction." (*Michael J. v. Los Angeles County Dept. of Adoptions, supra,* 201 Cal.App.3d at p. 872, fn. omitted.) The court also stated that "[p]ublic policy cannot extend to condone concealment or intentional misrepresentation which misleads prospective adoptive parents about the unusual calamity they are assuming. The adoption of a child is an act of compassion, love and humanitarian concern where the adoptive parent voluntarily assumes enormous legal, moral, social and financial obligations. Accordingly, a trustworthy process benefits society, as well as the child and parent." (*Id.* at p. 875.)

In both *Johnson v. State of California, supra,* 69 Cal.2d 782, and *Michael J. v. Los Angeles County Dept. of Adoptions, supra,* 201 Cal.App.3d 859, courts held that the legal system must protect parents from intentional misrepresentations made by those who place children in the parents' homes. The courts emphasized the commercial or financial contexts in which misrepresentation claims typically originate, and distinguished the placement

cases because they did not involve commercial transactions or interference with financial interests.

Burden also relies heavily on another case unrelated to child placement, *Connelly v. State of California* (1970) 3 Cal.App.3d 744 [84 Cal.Rptr. 257]. In *Connelly*, the court applied the *Johnson* exception to Government Code section 818.8, and allowed a plaintiff to pursue a negligence claim against the state Department of Water Resources. (Department.) The plaintiff, who operated three marinas on the Sacramento River, was informed by the Department that the river was expected to rise to a maximum of 24 feet. Relying on that information, the plaintiff set his marina docks to float at a maximum river height of 26 feet. The river actually rose to a level of 29 feet, severely damaging the docks and other property. The plaintiff sued, alleging that employees of the Department had negligently provided him with inaccurate information as to the anticipated rise in the river.

The state argued that Government Code section 818.8 provided immunity for the alleged negligent misrepresentations. The court, after citing the Supreme Court's interpretation of "misrepresentation" in section 818.8 as explained in *Johnson*, stated: "Applying the foregoing criteria to the facts of this case, we find that although appellant suffered a commercial loss in the sense that his business installations were damaged, the loss did not result from a commercial transaction between him and the state, nor from the state's interference with his commercial transactions. The complaint alleges a service gratuitously performed by the state in a negligent manner, resulting in physical damage to property. As there is no allegation of a tortious interference by the state with appellant's commercial activities within the rationale of *Johnson*, we conclude that section 818.8 does not apply to this case." (*Connelly v. State of California*, *supra*, 3 Cal.App.3d at p. 752.)

This case is not similar to *Johnson v. State of California*, *supra*, 69 Cal.2d 782, *Michael J. v. Los Angeles County Dept. of Adoptions*, *supra*, 201 Cal.App.3d 859, or *Connelly v. State of California*, *supra*, 3 Cal.App.3d 744. Unlike *Johnson* and *Michael J.*, Burden's claim does not involve child placement or the narrow context of the social service area. The analysis of *Connelly*, *supra*, 3 Cal.App.3d 744, regarding the scope of Government Code section 818.8 immunity has been questioned by another Court of Appeal (see *Tokeshi v. State of California* (1990) 217 Cal.App.3d 999, 1008 [266 Cal.Rptr. 255].) Even if the analysis of *Connelly*, *supra*, 3 Cal.App.3d 744, is accepted, *Connelly* is not similar to this case. Burden does not allege that a public entity gave gratuitous advice derived in a negligent manner, but claims that the County "engaged in a willful misrepresentation" concerning the terms of his employment. We are not persuaded that Burden's claim falls within the exception to immunity outlined in these cases.

Burden also argues that Government Code section 818.8 immunity applies only where the alleged misrepresentation was made by a governmental employee who was engaged in the specific "commerce" of that employee's agency. Burden then narrowly defines the commerce of the office of county counsel as providing legal advice to the county board of supervisors and representing various administrative departments and special districts, representing the state at guardianship proceedings, and representing superior and municipal court judges.

We are not persuaded that the immunity of Government Code section 818.8 is so narrowly limited. Burden's misrepresentation claims regarding his recruitment and hiring as an employee clearly arose out of a business transaction between Burden and the County. The hiring of employees to do what the office of county counsel is required to do (provide legal advice and representation to the County and its departments) is an integral and necessary part of the task of the county counsel's office. Without hiring employees, the office could not function. The employment of Burden by the County involved a sufficient financial interest to trigger the immunity of section 818.8.

Our view is consistent with other cases interpreting Government Code section 818.8 and analyzing *Johnson v. State of California, supra,* 69 Cal.2d 782. In *Masters v. San Bernardino County Employees Retirement Assn.* (1995) 32 Cal.App.4th 30 [37 Cal.Rptr.2d 860], a county employee sued the county employees retirement association and others for alleged wrongful conduct in initially denying and failing to promptly award her a disability retirement pension. In causes of action for promissory fraud and negligent misrepresentation, the employee alleged that public employees had told her that her application would be ruled upon fairly and within three to five months, and that in reliance on these representations, she did not secure disability income insurance. The court applied the immunity of section 818.8 and held that the county was wholly immune as to the causes of action for fraud and negligent misrepresentation. (*Masters, supra,* 32 Cal.App.4th at p. 43.)

Similarly, in *Harshbarger v. City of Colton* (1988) 197 Cal.App.3d 1335 [243 Cal.Rptr. 463], homeowners who had to reconstruct their home to bring it up to city code standards sued the city, alleging that city building inspectors, who had periodically inspected the home, had intentionally misrepresented and suppressed the fact that the home did not meet code standards. The court determined that the alleged interference with the homeowners' financial interests fell within the immunity provisions of Government Code section 818.8. (197 Cal.App.3d at p. 1342.)

Here, Burden claims that misrepresentations by the County concerning the terms of his employment ultimately damaged his financial interests by

causing his relocation to the Bay Area and his eventual return to his former law practice under less favorable financial conditions. This interference with Burden's financial interests and his livelihood is similar to the damage claims by the plaintiffs in *Masters v. San Bernardino County Employees Retirement Assn.*, *supra*, 32 Cal.App.4th 30 (interference with employee benefits) and *Harshbarger v. City of Colton*, *supra*, 197 Cal.App.3d 1335 (injury to plaintiff's financial interests in the form of reduced property value, or a need to reconstruct property). Like the plaintiffs' claims in those cases, Burden's claims are subject to the immunity set forth in Government Code section 818.8.

### 2. *Labor Code Section 970 and Immunity*

Burden also relies on the case of *Kizer v. County of San Mateo* (1991) 53 Cal.3d 139 [279 Cal.Rptr. 318, 806 P.2d 1353] to argue that Labor Code section 970, as an element of a "detailed statutory scheme" implementing an important public policy objective, supersedes the immunities of the Tort Claims Act. Burden states that under *Kizer* establishment of such a statutory scheme places the enforcement provisions "outside the perimeters of the Tort Claims [A]ct . . ."

We are not persuaded by this argument. First, *Kizer* has been misquoted by Burden. *Kizer* involved the specific issue of whether Government Code section 818 (prohibiting an award of punitive damages against a public entity) prevents the state from imposing statutory civil penalties pursuant to the Long-Term Care, Health, Safety and Security Act of 1973 (Long-Term Care Act). (Health & Saf. Code § 1417 et seq.) The case was brought to enforce civil penalties assessed under the Long-Term Care Act against a county-operated facility. The court found that the department's claim was not subject to the Tort Claims Act because civil penalties under the Long-Term Care Act were designed to provide a mechanism for enforcing minimum health and safety standards, not to redress tort "injury" within the meaning of the Tort Claims Act. (*Kizer v. County of San Mateo*, *supra*, 53 Cal.3d at pp. 145-146.) The court did not state that the detailed statutory scheme of the Long-Term Care Act took the action "outside the perimeters of the Tort Claims Act," but rather stated that "[t]he Department's citation enforcement action lies outside the perimeters of *a tort action* . . . ." (53 Cal.3d at p. 146, italics added.)

Second, this case is not comparable to *Kizer*, because Labor Code section 970 is not similar to the Long-Term Care Act. Unlike the Long-Term Care Act, which establishes a detailed statutory scheme regulating the standard of care provided by skilled nursing facilities to their patients (including a

citation system for civil sanctions, an inspection and reporting system to ensure compliance with state standards, and a licensing mechanism), Labor Code section 970 creates a statutory tort cause of action. It prohibits an employer or potential employer from inducing an employee or prospective employee to relocate his or her residence through means of a knowingly false representation concerning the terms or conditions of employment. Related statutes provide that violation of section 970 is a misdemeanor (Lab. Code, § 971), and that an aggrieved person may recover double damages for a violation. (Lab. Code, § 972.) The statutory scheme is thus a statutory tort cause of action which, by its nature, is subject to the Tort Claims Act.

### 3. *Government Code Section 815.2*

Burden argues that the County employees who made the alleged misrepresentations here could be liable for such misrepresentations under Government Code section 822.2 (providing for liability of public employees for misrepresentation in cases of actual fraud, corruption, or actual malice)[3] and that the County would then be vicariously liable under Government Code section 815.2. Section 815.2 provides in part: "(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Burden contends that the immunity of Government Code section 818.8 is superseded by these two code sections providing for vicarious liability.

The court rejected an identical argument in *Harshbarger v. City of Colton, supra,* 197 Cal.App.3d 1335. The court examined the statutes and their legislative comments, and concluded that " 'the immunity provisions to section 818.8 would prevail over the general statement liability in section 815.2.' . . . A public employee may be liable for actual fraud, but the public entity is wholly immune." (*Id.* at pp. 1340-1341; accord, *Masters v. San Bernardino County Employees Retirement Assn., supra,* 32 Cal.App.4th 30, 42-43.) Like the court in *Harshbarger v. City of Colton, supra,* 197 Cal.App.3d 1335, we are convinced that the statutory scheme clearly provides that even in cases in which the public employee is liable for actual fraud, the public entity is immune.

### C. *Double Damages Under Labor Code Section 972*

In his complaint, Burden requested double damages pursuant to Labor Code section 972, which states that in addition to criminal penalties, one

---

[3]Government Code section 822.2 provides: "A public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption or actual malice."

who violates Labor Code section 970 is liable to the aggrieved party for double damages resulting from the misrepresentations.[4] The County moved to strike this portion of the complaint, arguing that the double damages of Labor Code section 972 were prohibited by Government Code section 818. Section 818 provides: "Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant." The trial court granted the County's motion to strike, holding that Government Code section 818 prohibited an award of double damages under Labor Code section 972.

Burden challenges the trial court's ruling striking his prayer for double damages, arguing that double damages under Labor Code section 972 are civil and nonpunitive. As explained earlier in this opinion, the County has immunity from Burden's Labor Code section 970 claim. Burden will therefore recover no damages pursuant to Labor Code section 972, which provides for double damages in cases involving violations of Labor Code 970. Because no damages under Labor Code section 972 may be recovered in this case, we need not consider Burden's additional arguments regarding these damages.

## DISPOSITION

The judgment is affirmed.

Elia, J., and Mihara, J., concurred.

---

[4]Labor Code section 972 provides: "In addition to such criminal penalty, any person, or agent or officer thereof who violates any provision of section 970 is liable to the party aggrieved, in a civil action, for double damages resulting from such misrepresentations. Such civil action may be brought by an aggrieved person or his assigns or successors in interest, without first establishing any criminal liability."